**COLE SCHOTZ P.C.**
Ilana Volkov, Esq.
Mark Tsukerman, Esq.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Proposed Counsel for Debtor and
Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
NICHOLAS G. A. DENTON,                              :    Case No. 16-12239 (SMB)
:
Debtor.[1]                                          :
:
----------------------------------------------------------X

**DEBTOR'S MOTION FOR ORDER PURSUANT TO
SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING
THE DEBTOR TO LEASE RESIDENTIAL REAL ESTATE**

Nicholas Denton, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), by and through his undersigned proposed counsel, hereby files this motion for entry of an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") authorizing the Debtor to lease his Condominium (defined below) under the terms of the Proposed Lease (defined below) or another lease under the same or substantially similar material terms (the "**Motion**"). In support of the Motion, the Debtor submits the Declaration of Nicholas Denton (the "**Denton Declaration**"), attached hereto as **Exhibit A**. In further support of the Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's social security number are 1234.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

## BACKGROUND

### A. The Bankruptcy Proceedings

3. On August 1, 2016 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). A summary of the Debtor's assets and liabilities, and the circumstances leading to the filing of the Chapter 11 Case, is set forth in the Declaration of Nicholas G.A. Denton Pursuant to Local Bankruptcy Rule 1007-2 [Docket No. 11] (the "**First Day Declaration**").

4. The Debtor continues to manage his assets and affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. To date, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"). No trustee or examiner has been appointed in the Chapter 11 Case.

6. The Debtor is the founder and CEO of Gawker Media Group, Inc. ("**GMGI**") and Gawker Media, LLC ("**Gawker Media**"), an online media company. GMGI is the parent company of Gawker Media and Kinja, Kft, a Hungarian corporation ("**Kinja**" and together with Gawker Media and GMGI, the "**Company**"). The Debtor owns approximately 30% of the shares of GMGI.

7. As disclosed in the First Day Declaration, the Debtor was forced to commence the Chapter 11 Case, and the Company also was forced to commence chapter 11 cases pending before this Court, as a result judgment in excess of $100 million (the "**Bollea Judgment**") that was issued against the Debtor, Gawker Media, and A.J. Daulerio (the "**Bollea Litigation Defendants**") in the action entitled, *Bollea v. Gawker Meida, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.) (the "**Bollea Litigation**"). The Bollea Litigation Defendants intend to prosecute an appeal of the Bollea Judgment (the "**Appeal**").

**B.     The Debtor's Principal Residence at 76 Crosby Street**

8. The Debtor owns and currently resides at his principal residence located at 76 Crosby Street, New York, New York 10012 (the "**Condominium**"). Aside from the Debtor's ownership interests in GMGI, the Condominium is the Debtor's only other material asset. According to a December 2015 appraisal, the Condominium is worth approximately $4,250,000.

9. The Condominium is subject to a Note and Mortgage dated December 6, 2013 (collectively, the "**Mortgage**") held by JP Morgan Chase Bank, N.A. (the "**Bank**"), in the original principal amount of $2,000,000. Pursuant to the Mortgage, the Debtor is required to make monthly payments of principal and interest in the amount of $14,985.12. As of the Petition Date, the balance of the Mortgage was approximately $1,732,753.46. The Debtor also is obligated to pay condominium association fees in the amount of $3,410.57 per month.

10. The Debtor has been servicing the Mortgage based on the salary he continues to draw from the Company. However, his employment with the Company will be terminated as of the closing (the "**Closing Date**") of the proposed sale (the "**Sale**") of

3

substantially all of the Company's assets in Company's bankruptcy case. The Closing Date is anticipated to occur as early as September 9, 2016.

11. In connection the Company's negotiation of an asset purchase agreement (the "**UniModa APA**") with the prospective purchaser, UniModa, LLC ("**UniModa**"), the Debtor and UniModa have agreed to the terms of a Non-Competition and Non-Solicitation Agreement (the "**Non-Compete Agreement**") which, subject to obtaining the Court's approval,[2] will allow him generate income for the twenty-four (24) months following the Closing Date. However, the Debtor's anticipated income from the Non-Compete Agreement will be a material reduction from his current salary.

**C.    The Proposed Lease Transaction**

12. In order to reduce his overhead and preserve the value of his only substantial asset other his stock in GMGI, the Debtor seeks to defray his expenses related to the Condominium by renting the Condominium for one or two years, and moving into a lower cost apartment which he and his spouse recently rented in anticipation of renting the Condominium.

13. The Debtor is in the process of finalizing a lease with a potential tenant (the "**Proposed Lease**"). Although the Debtor's consummation of the Proposed Lease is subject to Court approval, the parties have agreed on the Proposed Lease's material terms, and by this Motion, the Debtor seeks authority to enter into the Proposed Lease under those terms.[3]

14. The Proposed Lease includes the following material terms:

---

[2] The Debtor will be filing a motion for an order approving his entry into the Non-Compete Agreement contemporaneously with the filing of this Motion.

[3] Should the potential tenant under the Proposed Lease decide not to go forward with the transaction, the Debtor seeks authority to enter into another lease under the same or substantially similar material terms as the Proposed Lease.

4

| Lease Term | 1 year |
|---|---|
| Monthly Rent | $12,500 |
| Renewal Option | Tenant has option to extend the Proposed Lease for a second year, with 60 days prior notice. The monthly rent for the second year shall increase 3% to $12,875. |
| Deposit/Security | Upon signing the Proposed Lease, tenant must pay by certified check or bank check: 1st month rent ($12,500), 1 month security ($12,500), and the broker fee. |
| Insurance | Tenant must carry liability insurance, naming landlord as the certificate holder, with minimum comprehensive liability coverage in the amount of $500,000. Proof of insurance must be given to landlord prior to the commencement of the lease. |
| Guarantee | Tenant's performance under Proposed Lease is guaranteed by third-party, in this case, the tenant's father |

15. As stated in the Denton Declaration, the Debtor and the potential tenant originally negotiated an August 1, 2016 start date. However, given the filing of this Chapter 11 Case on that date and the surrounding circumstances, including the Debtor's responsibilities attendant to facilitating the Company's sale process, the potential tenant has agreed to postpone the start date. However, the potential tenant seeks to move into the Condominium as soon as possible during the week of August 22, 2016. To the extent the Court schedules the hearing on the Motion after the week of August 22, 2016, the Debtor would request that the Court grant the Motion, *nunc pro tunc*, as of potential tenant's proposed move-in date.

16. As stated in the Denton Declaration, the Debtor believes there is significant risk that the potential tenant under the Proposed Lease will decide not to enter into the lease if the start date is further delayed.

**RELIEF REQUESTED**

17.     By the Motion, the Debtor seeks entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing him to lease the Condominium under the terms of the Proposed Lease or another lease under the same or substantially similar material terms.  Furthermore, to the extent the Court is not able to accommodate a hearing on the Motion during the week of August 22, 2016, the Debtor requests that the Court schedule a hearing on the Motion at its earliest convenience and authorize the Debtor's lease of the Condominium *nunc pro tunc* to the potential tenant's move-in date.

**BASIS FOR RELIEF**

A.   **The Debtor's Decision to Enter Into the Proposed Lease is Based on His Sound Business Judgment and Should be Approved**

18.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he [debtor-in-possession], after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate outside the ordinary course of business, courts in the Second Circuit and others have required that it be based on the trustee's sound business judgment.  *See Official Comm. of Unsecured Creditors of LTV Aerospace and Defense Co. v. The LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).  "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

6

19.     Here, the Debtor's entry into the Proposed Lease is eminently responsible and supported by his sound business judgment. Given the impending Closing Date on the Sale, if the Debtor cannot rent the Condominium and defray the costs associated therewith, he risks being unable to fully service the Mortgage following the termination of his employment by the Company. That could result in the loss of significant equity in the Condominium. The rental income the Debtor would generate by renting the Condominium pursuant to the Proposed Lease would allow the Debtor to preserve the value of the Condominium for the benefit of his estate and creditors.

**B.    The Debtor Has Provided Adequate and Proper Notice of the Motion and the Proposed Lease Transaction Under the Circumstances**

20.     The notice and hearing requirements contained in section 363(b)(1) of the Bankruptcy Code are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as is appropriate in the particular circumstances"). Bankruptcy Rule 6004 provides that notice of a proposed use, sale, or lease of property not in the ordinary course of business must be given pursuant to Bankruptcy Rule 2002(a)(2), (c)(1), (i), and (k), which requires, in pertinent part, that twenty-one (21) days' notice of the proposed use, sale, or lease of property outside the ordinary course of business be provided by mail to the U.S Trustee, "the debtor, the trustee, all creditors" and any committee appointed under section 1102 of the Bankruptcy Code. Fed. R. Bankr. P. 2002(a)(2) and 2002(k). However, courts are authorized to shorten the twenty-one (21) day notice period generally applicable to outside the ordinary course transactions, or direct another method of giving notice, upon a showing of "cause." *See* Fed. R. Bankr. P. 2002(a)(2).

7

21. The Debtor respectfully submits that ample cause exists here to grant the relief requested. As set forth in the Denton Declaration, the Debtor believes there is significant risk that the potential tenant under the Proposed Lease will decide not to enter into the lease if he is not able to take possession of the Condominium as soon as possible during the week of August 22, 2016. The Debtor has no assurance that he will be able to find another tenant and, even more so, whether another tenant would be willing to rent the Condominium on the same or materially similar terms.

## NO PRIOR REQUEST

22. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

23. Notice of the Motion will be given to: (i) the U.S. Trustee, (ii) the holders of the twenty (20) largest unsecured claims against the Debtor, (iii) the Bank, (iv) any party that has filed a notice of appearance in this case; and (v) any such other party entitled to notice pursuant Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-1(b). The Debtor respectfully submits that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
August 19, 2016

COLE SCHOTZ P.C.

*/s/ Ilana Volkov*
Ilana Volkov
Mark Tsukerman
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

– and –

Warren A. Usatine (admitted *pro hac vice*)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Proposed Counsel for Debtor and
Debtor-in-Possession*