## EXHIBIT A

**Denton Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
NICHOLAS G. A. DENTON,                        :        Case No. 16-12239 (SMB)
                                              :
            Debtor.                           :
                                              :
-------------------------------------------------------x

### DECLARATION OF NICHOLAS G. A. DENTON IN SUPPORT OF DEBTOR'S MOTION FOR ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO LEASE RESIDENTIAL REAL ESTATE

Nicholas G. A. Denton, hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the debtor herein, and I submit this declaration in support of the Motion for Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtor to Lease Residential Real Estate (the "**Motion**").[1]

2.       I am the founder and Chief Executive Officer the founder and CEO of Gawker Media Group, Inc. ("**GMGI**") and Gawker Media, LLC ("**Gawker Media**"), an online media company.   GMGI is the parent company of Gawker Media and Kinja, Kft, a Hungarian corporation ("**Kinja**" and together with Gawker Media and GMGI, the "**Company**").   I own approximately 30% of GMGI.

3.      I own and currently reside in a condominium located at 76 Crosby Street, New York, New York  10012 (the "**Condominium**").  Aside from my ownership interests in GMGI, the Condominium is my only other material asset.  According to a December 2015 appraisal, the Condominium is worth approximately $4,250,000.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

4.      The Condominium is subject to a Note and Mortgage dated December 6, 2013 (collectively, the "**Mortgage**") held by JP Morgan Chase Bank, N.A. (the "**Bank**"), in the original principal amount of $2,000,000.  Pursuant to the Mortgage, I am required to make monthly payments of principal and interest in the amount of $14,985.12.  As of the Petition Date, the balance of the Mortgage was approximately $1,732,753.46.  I am also obligated to pay condominium association fees in the amount of $3,410.57 per month.

5.      I have been servicing the Mortgage based on the salary I continue to draw from the Company.  However, my employment with the Company will terminate as of the closing (the "**Closing Date**") on the proposed sale (the "**Sale**") of substantially all of the Company's assets in Company's bankruptcy case.  I am advised by counsel that the Closing Date is anticipated to occur as early as September 9, 2016.

6.      In connection the Company's negotiation of an asset purchase agreement (the "**UniModa APA**") with the prospective purchaser, UniModa, LLC ("**UniModa**"), UniModa and I have agreed to the terms of a Non-Competition and Non-Solicitation Agreement (the "**Non-Compete Agreement**") which, subject to obtaining the Court's approval, will allow me generate income for the twenty-four (24) months following the Closing Date.  However, my anticipated income from the Non-Compete Agreement will be a material reduction from my current salary.

7.      To reduce my overhead and defray the monthly expenses associated with the Condominium, I have negotiated a lease to rent the Condominium (the "**Proposed Lease**").  The original start date for the Proposed Lease was to be August 1, 2016.  However, given the filing of my chapter 11 case on that date and the surrounding circumstances, including my responsibilities attendant to facilitating the Company's sale process, the potential tenant has agreed to postpone the start date.  Nevertheless, the potential tenant has expressed his desire to move into the

55451/0001-13440813

Condominium as soon as possible during the week of August 22, 2016.  I believe there is a high risk that if the start date continues to be delayed, the potential tenant will decide not to enter into the lease.  In that event, I do not know if I would be able to find another tenant, and even if I did, whether a new tenant would be willing to rent the apartment on the same or materially similar terms as the Proposed Lease.

8.      If I am not able to rent the Condominium, I may be unable to fully service the Mortgage following the termination of my employment by the Company.  I believe that would result in the loss of significant equity in the Condominium, which would cause immediate and irreparable harm to me, my bankruptcy estate and my creditors.

9.      Accordingly, I respectfully submit that my entry into the Proposed Lease (or another lease on the same or similar material terms) is a sound exercise of my business judgment and should be approved.

10.      I have never previously requested the relief sought in the Motion from this or any other court.

55451/0001-13440813

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

By: _____
Nicholas G. A. Denton

Executed On:  August 19 , 2016