**COLE SCHOTZ P.C.**
Ilana Volkov, Esq.
Mark Tsukerman, Esq.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Proposed Counsel for Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
: 
In re: : Chapter 11
:
NICHOLAS G. A. DENTON, : Case No. 16-12239 (SMB)
:
Debtor.[1] :
:
----------------------------------------------------------x

**DEBTOR'S *EX PARTE* MOTION PURSUANT TO BANKRUPTCY RULE 9006(c) TO SHORTEN TIME WITH RESPECT TO THE DEBTOR'S MOTION FOR ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO LEASE RESIDENTIAL REAL ESTATE**

Nicholas Denton, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), by and through his undersigned proposed counsel, hereby files this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9077-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy Rules**"), shortening the time for notice of the Debtor's Motion for Order Pursuant to Section 105(a) and 363 of the Bankruptcy Code Authorizing the Debtor to Lease Residential Real Estate (the "**Lease**

---

[1] The last four digits of the Debtor's social security number are 1234.

**Approval Motion**"),[2] which is filed concurrently herewith and incorporated by reference. In support of the Motion to Shorten, the Debtor relies on the Denton Declaration, which is attached as Exhibit A to the Lease Approval Motion, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9077-1.

## RELIEF REQUESTED

2. Contemporaneously with the filing of this Motion to Shorten, the Debtor filed the Lease Approval Motion, seeking, among other things, entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing him to lease his Condominium (defined below) under the terms of the Proposed Lease (defined below) or another lease under the same or substantially similar material terms. Through the Motion to Shorten, the Debtor respectfully requests the Lease Approval Motion be heard as soon as the Court's schedule will permit.

## BACKGROUND AND SUMMARY OF THE LEASE APPROVAL MOTION

3. The Debtor is the founder and CEO of Gawker Media Group, Inc. ("**GMGI**") and Gawker Media, LLC ("**Gawker Media**"), an online media company. GMGI is the parent company of Gawker Media and Kinja, Kft, a Hungarian corporation ("**Kinja**" and

---

[2] Any capitalized terms used but not defined herein shall have the same meaning as in the Lease Approval Motion.

2

together with Gawker Media and GMGI, the "**Company**"). The Debtor owns approximately 30% of the shares of GMGI.

4. The Debtor also owns and currently resides at his principal residence located at 76 Crosby Street, New York, New York 10012 (the "**Condominium**"). Aside from the Debtor's ownership interests in GMGI, the Condominium is the Debtor's only other material asset. According to December 2015 appraisal, the Condominium is worth approximately $4,250,000. The Condominium is subject to a Note and Mortgage dated December 6, 2013 (collectively, the "**Mortgage**") held by JP Morgan Chase Bank, N.A. (the "**Bank**"), pursuant to which the Debtor is required to make monthly payments of principal and interest in the amount of $14,985.12. The Debtor also is obligated to pay condominium association fees in the amount of $3,410.57 per month.

5. The Debtor has been servicing the Mortgage based on the salary he continues to draw from the Company. However, his employment with the Company will be terminated as of the closing (the "**Closing Date**") on the proposed sale (the "**Sale**") of substantially all of the Company's assets in Company's bankruptcy case. The Closing Date is anticipated to occur as early as September 9, 2016. Although the Debtor has negotiated the Non-Compete Agreement with the UniModa, LLC (the proposed purchaser in the Sale), the Debtor's anticipated income from that agreement will be a reduction from his current salary.

6. In order to reduce his overhead and preserve the value of his only substantial asset other than his stock GMGI, the Debtor seeks to defray his expenses related to the Condominium by renting the Condominium for one or two years and moving into a lower cost apartment he and his spouse recently rented in anticipation of renting the Condominium. In

that regard, the Debtor has negotiated a lease with a potential tenant (the "**Proposed Lease**"), the material terms of which are set forth in the Lease Approval Motion.

7.  The Debtor and the potential tenant originally negotiated an August 1, 2016 start date. However, given the filing of this Chapter 11 Case on that date and the surrounding circumstances, including the Debtor's responsibilities attendant to facilitating the Company's sale process, the potential tenant has agreed to postpone the start date. Nevertheless, as stated in the Denton Declaration, the potential tenant would like to move into the Condominium as soon as possible during the week of August 22, 2016.

8.  By the Lease Approval Motion, the Debtor seeks entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing him to lease the Condominium under the terms of the Proposed Lease or another lease under the same or substantially similar material terms.

## BASIS FOR RELIEF

9.  The Debtor's Lease Approval Motion seeks authority to consummate a transaction which may be considered outside the ordinary course of business within the meaning of section 363(b) of the Bankruptcy Code. Bankruptcy Rule 6004 provides that notice of a proposed use, sale, or lease of property not in the ordinary course of business must be given pursuant to Bankruptcy Rule 2002(a)(2), (c)(1), (i), and (k), which requires twenty-one (21) days' notice.

10. Courts are authorized to shorten the twenty-one (21) day notice period generally applicable to outside the ordinary course transactions, or direct another method of giving notice, upon a showing of "cause." *See* Fed. R. Bankr. P. 2002(a)(2). Furthermore, Bankruptcy Rule 9006(c) provides, in pertinent part, that "when an act is required or allowed to

4

be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Moreover, the notice and hearing requirements contained in section 363(b)(1) of the Bankruptcy Code are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as is appropriate in the particular circumstances").

11. As stated in the Denton Declaration, the Debtor believes there is a significant risk that the potential tenant under the Proposed Lease will decide not to enter into the lease if the start date is further delayed. The Debtor has no assurance that he will be able to find another tenant and, even more so, whether another tenant would be willing to rent the Condominium on the same or materially similar terms. Given the impending Closing Date on Sale, if the Debtor cannot rent the Condominium and defray the costs associated therewith, he risks being unable to fully service the Mortgage during the Chapter 11 Case following the termination of his employment by the Company. That would result in the loss of significant equity in the Condominium to the detriment of the Debtor and his estate and creditors.

**NO PRIOR REQUEST**

12. No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion to Shorten and such other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
August 19, 2016

COLE SCHOTZ P.C.

*/s/ Ilana Volkov*
Ilana Volkov
Mark Tsukerman
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

– and –

Warren A. Usatine (admitted *pro hac vice*)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Proposed Counsel for Debtor and
Debtor-in-Possession*