**COLE SCHOTZ P.C.**
Ilana Volkov, Esq.
Mark Tsukerman, Esq.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Proposed Counsel for Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                                         :

In re:                                       :        Chapter 11
                                               :

NICHOLAS G. A. DENTON,           :        Case No. 16-12239 (SMB)
                                               :
                          Debtor.[1]          :
                                               :
---------------------------------------------------------X

**DEBTOR'S MOTION FOR ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE APPROVING HIS ENTRY INTO NON-COMPETITION AND NON-SOLICIATION AGREEMENT WITH UNIMODA LLC**

        Nicholas Denton, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), by and through his undersigned proposed counsel, hereby files this motion (the "**Motion**") for entry of an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") authorizing and approving the Debtor's entry into a certain Non-Competition and Non-Solicitation Agreement (the "**Non-Compete Agreement**") with UniModa LLC ("**UniModa**"), a copy of which is attached as **Exhibit A**.[2] In support of the Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's social security number are 1234.

[2] For the reasons set forth in the *Debtor's Ex Parte Motion for Order Authorizing the Debtor to Redact and File Under Seal Certain Confidential Portions of Non-Competition and Non-Solicitation Agreement with UniModa LLC* (the "**Sealing Motion**") that is being filed contemporaneously herewith, portions of the Non-Compete

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

**BACKGROUND**

**A.    The Bankruptcy Proceedings**

3. On August 1, 2016 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). A summary of the Debtor's assets and liabilities, and the circumstances leading to the filing of the Chapter 11 Case, is set forth in the Declaration of Nicholas G.A. Denton Pursuant to Local Bankruptcy Rule 1007-2 [Docket No. 11] (the "**First Day Declaration**").

4. The Debtor continues to manage his assets and affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. To date, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"). No trustee or examiner has been appointed in the Chapter 11 Case.

6. The Debtor is the founder and CEO of Gawker Media Group, Inc. ("**GMGI**") and Gawker Media, LLC ("**Gawker Media**"), an online media company. GMGI is the parent company of Gawker Media and Kinja, Kft, a Hungarian corporation ("**Kinja**" and

---

*(continued)* Agreement relating to the Carve-Out (defined below) include confidential, commercial information and have been redacted.

together with Gawker Media and GMGI, the "**Company**"). The Debtor owns approximately 30% of the equity of GMGI.

    7.  As disclosed in the First Day Declaration, the Debtor was forced to commence the Chapter 11 Case, and the Company also was forced to commence chapter 11 cases pending before this Court, as a result of a judgment in excess of $100 million (the "**Bollea Judgment**") that was issued against the Debtor, Gawker Media, and A.J. Daulerio (the "**Bollea Litigation Defendants**") in the action entitled, *Bollea v. Gawker Meida, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.) (the "**Bollea Litigation**"). The Bollea Litigation Defendants intend to prosecute an appeal of the Bollea Judgment (the "**Appeal**").

**B.  The Company's Bankruptcy Proceedings and the Sale of Substantially All Its Assets to UniModa**

    8.  On June 10, 2016, Gawker Media commenced a chapter 11 case, and on June 12, 2016, GMGI and Kinja each commenced a chapter 11 case in this Court (the "**Gawker Cases**"). The Gawker Cases are being jointly administered.

    9.  Prior to commencing the Gawker Cases, the Company entered into a stalking horse purchase agreement for the sale of all or substantially all its assets for approximately $90 million, subject to higher and better offers. On June 13, 2016, the Company filed a motion seeking, among other things, authorization and approval of bidding procedures and the sale of substantially all the Company's assets (the "**Sale**") to the stalking horse bidder or the bidder who submits the highest or otherwise best offer for the Company's assets at an auction [Gawker Docket No. 21][3] (the "**Gawker Sale Motion**"). On July 8, 2016, this Court entered an Order [Gawker Docket No. 82], among other things, approving bidding procedures and scheduling an auction (the "**Auction**") for the sale of the Company's assets.

---

[3] References to the "Gawker Docket" refer to the docket in the lead Gawker case, Case No. 16-11700.

3

10. The Company conducted the Auction on August 16, 2016. At the conclusion of the Auction, the Company designated the bid of UniModa, a wholly owned subsidiary of Univision Communications Inc., for approximately $135 million as the highest and best bid. (*See Notice of Successful Bidder for Sale of Substantially All the Debtor's Assets*, Gawker Docket No. 182). In connection with UniModa's successful bid, the Company and UniModa agreed on the terms of a certain Asset Purchase Agreement dated as of August 17, 2016 (the "**UniModa APA**"), a copy of which is attached as Exhibit A to the *Notice of Filing of Asset Purchase Agreement Between the Debtors and the Successful Bidder for Sale of Substantially All of the Debtors' Assets*, Gawker Docket No. 192. At a hearing held on August 18, 2016, this Court approved the Sale to UniModa pursuant to the UniModa APA.

11. The UniModa APA contemplates that the closing of the Sale (the "**Closing Date**") will occur as early as September 9, 2016. (*See* Successful Bid APA, § 2.8).

**C.   The Non-Compete Agreement**

12. In connection with the parties' negotiations of the terms of the UniModa APA, UniModa requested that the Debtor agree to certain restrictive covenants as a material inducement to UniModa to consummate the transactions contemplated by the Successful Bid APA. (*See* Non-Compete Agreement, second Whereas clause). The Company's delivery of a Non-Competition and Non-Solicitation Agreement (as defined in the UniModa APA) executed by the Debtor was made an express condition to UniModa's obligation to close on the Sale. (*See* UniModa APA, § 7.1(f).

13. After good faith and arm's-length negotiations, the Debtor and UniModa entered into the Non-Compete Agreement attached as **Exhibit A**. Among other material terms, subject to certain exceptions set forth in Sections 2.1 and 2.2 of the Non-Compete Agreement

4

(the "**Restrictive Covenants**"), the Debtor has agreed not to, directly or indirectly, associate with any business enterprise that engages in the Business (as defined in the UniModa APA) in the United States, Puerto Rico or Hungary, without UniModa's prior written consent. (*See* Non-Compete Agreement, § 2.1). Further, subject to certain exceptions, the Debtor has agreed, among other things, not to hire or solicit any employee or contractor of UniModa or encourage any such employee or contractor to terminate his or her employment or relationship with UniModa, the Company, or any of their respective subsidiaries, in each case without UniModa's prior written consent. (*See* Non-Compete Agreement, § 2.2). The Debtor's compliance with the Restrictive Covenants is to commence on the Closing Date and end on the date that is twenty-four (24) months thereafter (the "**Restricted Period**"). (*See* Non-Compete Agreement, § 1.1).[4]

        14.     Among other material terms, in consideration for the Debtor's compliance with the Restrictive Covenants during the Restricted Period, UniModa has agreed to compensate the Debtor in the amount of $16,666 per month for each month of the Restricted Period.

## **RELIEF REQUESTED**

        15.     By the Motion, the Debtor seeks entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing and approving the Debtor's entry into the Non-Compete Agreement with UniModa LLC.

---

[4] UniModa has agreed to carve out certain potential or contemplated future business ventures of the Debtor from the scope of the Restrictive Covenants (the "**Carve-Out**"). (*See* Non-Compete Agreement, § 2.1). As explained in the Sealing Motion that is being filed contemporaneously herewith, the nature and description of the Debtor's potential or contemplated future business ventures is highly confidential, commercial information and, therefore, not disclosed herein.

55451/0001-13487625

**BASIS FOR RELIEF**

**A.      The Debtor's Entry Into the Non-Compete Agreement is Based on His Sound Business Judgment and Should be Approved**

16.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he [debtor-in-possession], after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate outside the ordinary course of business, courts in the Second Circuit and others have required that it be based on the trustee's sound business judgment.  *See Official Comm. of Unsecured Creditors of LTV Aerospace and Defense Co. v. The LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).  "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

17.     While the Debtor's entry into the Non-Compete Agreement with UniModa arguably is an "ordinary course" transaction and not a "use" of estate property within the express meaning of section 363(b), the Debtor seeks Court approval of the Non-Compete Agreement out of an abundance of caution and in the interest of transparency into his affairs.[5]  Here, the Debtor's entry into the Non-Compete Agreement is supported by his sound business judgment.  The Debtor's entry into the Non-Compete Agreement is a condition of the closing on the

---

[5] As an alternative ground for entry of an order approving his entry into the Non-Compete Agreement, the Debtor relies on section 105(a) which permits this Court to issues orders "necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

Company's transaction with UniModa, and the Debtor believes consummating the sale to UniModa, which preserves the Company's going concern value and monetizes his interest in the Company following a competitive bidding process, is in the best interests of his and the Company's estates.

18. Moreover, effective as of the Closing Date of the Sale, the Debtor's employment with the Company will be terminated. Entry into the Non-Compete Agreement will allow the Debtor to generate a steady income for the twenty-four (24) months following the Closing Date. In addition, given the negotiated Carve-Out, the Debtor will not be foreclosed from pursuing certain business ventures from which he may be able to generate additional income.

**B.    The Debtor Has Provided Adequate and Proper Notice of the Motion Under the Circumstances**

19. The notice and hearing requirements contained in section 363(b)(1) of the Bankruptcy Code are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as is appropriate in the particular circumstances"). Bankruptcy Rule 6004 provides that notice of a proposed use, sale, or lease of property not in the ordinary course of business must be given pursuant to Bankruptcy Rule 2002(a)(2), (c)(1), (i), and (k), which requires, in pertinent part, that twenty-one (21) days' notice of the proposed use, sale, or lease of property outside the ordinary course of business be provided by mail to the U.S Trustee, "the debtor, the trustee, all creditors" and any committee appointed under section 1102 of the Bankruptcy Code. Fed. R. Bankr. P. 2002(a)(2) and 2002(k).

20. The Debtor respectfully submits that ample cause exists here to grant the relief requested. As stated above, it is anticipated that the the Closing Date on the Sale will

7

occur as early as September 9, 2016, and the Company's delivery of the Non-Compete Agreement executed by the Debtor is an express condition to UniModa's obligation to close. The Court's approval of the relief requested herein in advance of the anticipated Closing Date will facilitate the anticipated closing of the Sale.

### NO PRIOR REQUEST

21. No previous request for the relief sought herein has been made to this or any other court.

### NOTICE

22. Notice of the Motion will be given to: (i) the U.S. Trustee, (ii) the holders of the twenty (20) largest unsecured claims against the Debtor, (iii) the Debtor's secured creditor, (iv) any party that has filed a notice of appearance in this case; and (v) any such other party entitled to notice pursuant Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-1(b). The Debtor respectfully submits that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
August 19, 2016

COLE SCHOTZ P.C.

/s/ Ilana Volkov
Ilana Volkov
Mark Tsukerman
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

– and –

Warren A. Usatine (admitted *pro hac vice*)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Proposed Counsel for Debtor and
Debtor-in-Possession*