Platzer, Swergold, Levine,
Goldberg, Katz & Jaslow, LLP
*Counsel for the Proposed Tenant*
475 Park Avenue South, 18th Floor
New York, New York 10016
Tel: (212) 593-3000
Attn: Henry G. Swergold, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                                          :
In re:                                                    :    Chapter 11
                                                          :
NICHOLAS G. A. DENTON,                                    :    Case No. 16-12239 (SMB)
                                                          :
                    Debtor.[1]                            :
                                                          :
----------------------------------------------------------X

**TENANT, ALEX SHIFFMAN'S OBJECTION TO ANY ADJOURNMENT OF
DEBTOR'S MOTION FOR ORDER PURSUANT TO
SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING
THE DEBTOR TO LEASE RESIDENTIAL REAL ESTATE; OR IN THE
ALTERNATIVE, SEEKING TO BE RELEASED FOR ANY OBLIGATION UNDER
<u>THE LEASE DESCRIBED IN THE MOTION</u>**

Alex Shiffman, the proposed tenant ("Tenant"), states the following with respect to Debtor's Motion for Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtor to Lease Residential Real Estate (the "Motion").

1.  Tenant negotiated the lease, reflecting the lease terms set forth in the Motion (the "Lease") prior to the filing of Debtor's bankruptcy petition (the "Petition"). The Lease was executed on July 17, 2016. The Petition was filed on August 1, 2016.

2.  Obviously the Lease had no precondition of Bankruptcy Court approval. Instead, the only precondition was Condo Board Association Approval, which has been obtained. The

---

[1] The last four digits of the Debtor's social security number are 1234.

55451/0001-13435321v5
3535493.V1

Lease commencement date was August 1, 2016, or as soon a Condo Board Approval was obtained.  Condo Board Approval was obtained on August 9, 2016.

       3.      Notwithstanding all preconditions to commencement of the Lease having been met, Debtor has been unable to consummate the Lease transaction, based on his intervening bankruptcy filing.  While Tenant understands that Debtor has sought the consent of the objecting party to the Motion, no consent has been forthcoming and instead, the objecting party has indicated its intent to oppose the relief requested in the Motion and/or requested an adjournment of the hearing, now set for August 24, 2016 at 10:00 a.m., to a date in September, in accordance with this Court's calendar.

       4.      Tenant must have a decision by August 24, 2016 regarding the Lease.  Either Debtor should be authorized to enter into the Lease, or Tenant should be released from any liability that it may have under the Lease, through Debtor's immediate rejection of the same.

       5.      It is unfair to place Tenant in a position of having to await the outcome of a contested hearing beyond August 24, 2016.  Tenant has an existing need for certainty as to his living situation.

       6.      In reliance on the Lease, tenant notified his current landlord that he would be vacating his current premises, as of August 1, 2016.  When the Condo Board Association Approval was not in hand by August 1, 2016 (the stated start date of the Lease), Tenant negotiated a 15 day extension of his existing lease, until August 15, 2016.  When Tenant was then advised that this Court's approval of the Lease was also required, Tenant was able to secure an extension of his existing lease, but only until August 31, 2016.   No further extension of Tenant's existing lease is in prospect and Tenant has a personal and practical schedule that

demands that his housing needs be established (meaning Tenant has relocated from his current leased premises) by the end of August.

7. Tenant stands prepared to take occupancy immediately upon conclusion of the August 24, 2016 court hearing, in order to vacate his current leased premises by August 31. Tenant cannot await an outcome beyond August 24, 2016, of the Motion.

## CONCLUSION

WHEREFORE, Tenant requests that this Court either hear and make a determination regarding the Motion on August 24, 2016 or determine on August 24, 2016 that Tenant shall have no liability under the Lease, based its rejection on that date.

Dated: New York, New York
August 23, 2016

    Platzer, Swergold, Levine,
    Goldberg, Katz & Jaslow, LLP

    By: _s/ Henry G. Swergold_
        Henry G. Swergold
    475 Park Avenue South, 18th Floor
    New York, New York 10016
    Phone: (212) 593-3000
    E-mail: hswergold@platzerlaw.com

    *Counsel for the Proposed Tenant*

    – and –

    JAFFE, RAITT, HEUER & WEISS, P.C.
    Jay L. Welford (P34471)
    27777 Franklin Rd., Ste. 2500
    Southfield, MI 48034
    Phone: 248-727-1466
    Fax: 248-351-3082
    Email: jwelford@jaffelaw.com

    *Counsel for Proposed Tenant*