Hearing Date: August 24, 2016 at 10:00 a.m. (Eastern)
Objection Deadline: August 24, 2016 at 9:00 a.m. (Eastern)

LAW OFFICE OF ANTHONY M. VASSALLO
Anthony M. Vassallo
305 Fifth Avenue, Suite 1B
Brooklyn, New York 11215
Tele: (347) 464-8277
Fax: (866) 334-9752
Email: tony@amvasslaw.com

*Attorney for Dr. Shiva Ayyadurai and Ashley Terrill*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>NICHOLAS G. A. DENTON,<br><br>Debtor. [1] | Chapter 11<br><br>Case No. 16-11700 (SMB)<br>Jointly Administered<br><br>Related to Docket Nos. 21 and 123 |

**OBJECTION OF DR. SHIVA AYYADURAI AND ASHLEY
TERRILL REGARDING DEBTOR'S MOTION PURSUANT
TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE
AUTHORIZING THE DEBTOR TO LEASE RESIDENTIAL REAL ESTATE**

Shiva Ayyadurai and Ashley Terrill (collectively, the "Parties"), by their undersigned counsel, file this joint objection (the "Objection") to the *Debtor's Motion* pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") authorizing the Debtor to lease his condominium, dated August 19, 2016 [Docket No. 22] (the "Motion"), and respectfully represent as follows:

---

[1] The last four digits of the Debtor's social security number is 1234.

## BACKGROUND

### The Chapter 11 Case

1. On August 1, 2016, Nicholas G.A. Denton (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Debtor continues to manage his assets and affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. No committee of unsecured creditors has been appointed.

### Dr. Shiva Ayyadurai and Ashley Terrill

3. Dr. Shiva Ayyadurai is a world-renowned scientist, inventor, lecturer, philanthropist and entrepreneur. Ashley Terrill is a journalist, researcher, writer and producer. Each is scheduled as a general unsecured creditor of the Debtor. Both are scheduled as creditors against the Debtor, holding unliquidated, contingent and disputed claims arising out of certain litigation the Parties commenced against the Debtor and others.[2]

### THE OBJECTION

4. In his Motion, the Debtor seeks to lease his condominium at 76 Crosby Street, New York, NY 10012 (the "Condominium") to a third party. The Condominium is the Debtor's primary residence. The Debtor reports that as of December 2015 the Condominium's value is

---

1. Prepetition, Dr. Ayyadurai and Ms. Terrill filed individual complaints against the Debtor and other parties in the following actions:

   a. *Shiva Ayyadurai v. Gawker Media, LLC, Sam Biddle, John Cook, Nicholas Guido Anthony Denton, et al.,* pending in the United States District Court for the District of Massachusetts, Case No. 1:16-cv-10853; and

   b. *Ashley Terrill v. Gawker Media, LLC, Sam Biddle, John Cook, Nicholas Guido Denton, et al.,* pending in the United States District Court for the Southern District of New York, Case No. 1:16-cv-00411.

2

approximately $4.25 million. It is subject to a mortgage whose current balance is approximately $1.73 million. Thus, the Debtor may have equity in excess of $2.5 million. The Debtor's monthly expense (mortgage plus condominium association fees) for the Condominium equals $18,395.69.

5.      The Debtor proposes to lease the Condominium to a third party for the monthly rent of $12,500 for a period of one year, with a proposed move-in date to occur promptly, plus an option year with a 3% raise. Since the Condominium represents the Debtor's current residence, he will move into and pay rent for a new apartment.

6.      The usual course of action in leasing property is to obtain revenue that is higher than its carrying cost. Here, the lease revenue will cover only 2/3 of the Condominium's cost, and even if the Debtor were to pay no rent for his new apartment, he will be running a deficit of $5,800 per month for the Condominium immediately. Obviously, the Debtor's deficit will be higher than that but we do not know because the Motion is silent. The Debtor also has extended the scope of the potential loss by committing to give the tenant an option to lease the Condominium for a second year at a modest 3% increase.

7.      The Debtor justifies deal on the grounds that the value of the Condominium will not decrease because the mortgage will be paid. The Debtor does not provide any rationale for using assets to pay for property he apparently no longer can keep or pay for. He is essentially borrowing money from creditors to pay for the Condominium.

8.      The Motion is silent as to whether the Debtor can break the Lease if he determines that he can or needs to sell the Condominium, and if so, what damages would the Debtor be liable for. The Debtor does not explain how entering into a money-losing transaction as the Lease will facilitate the Debtor's rehabilitation and possible reorganization if he will be losing more than $5,800 per month by keeping the Condominium.

9. Moreover, the Debtor provides no information regarding his new apartment lease and its impact on his overall financial situation. The Debtor does not provide a budget that demonstrates that he can pay for the Condominium if the Lease is approved. The Debtor does not state whether his spouse will be contributing any funds to either the Condominium or the new apartment. In sum, the Debtor does not state how the proposed lease transaction will move his case forward without causing creditors to bear the burden of carrying the Condominium. The Debtor's recently filed schedules and statement of financial affairs provide no helpful information. According to his schedules, other than the Condominium, the Debtor has no cash in his bank accounts, no assets and lists no expenses for food, electricity, or other essentials for living. *See* Schedules A/B and J, August 19, 2016 (Doc. 27).

WHEREFORE, based on the foregoing, Dr. Ayyadurai and Ms. Terrill respectfully submit that the Debtor has not met his burden to obtain the relief he seeks in this Motion. Accordingly, the Court should deny the Motion and grant such further relief as this Court deems just and appropriate.

Dated: Brooklyn, New York
August 24, 2016

LAW OFFICE OF ANTHONY M. VASSALLO

By: /s/Anthony M. Vassallo
Anthony M. Vassallo
305 Fifth Avenue, Suite 1B
Brooklyn, New York 11215
Tele: (347) 464-8277
Fax: (866) 334-9752
Email: tony@amvasslaw.com

*Attorney for Dr. Shiva Ayyadurai and Ashley Terrill*