Hearing Date and Time: November 1, 2016 at 10:00 a.m. (Eastern Time)
Objection Deadline: October 25, 2016 at 4:00 p.m. (Eastern Time)

**COLE SCHOTZ P.C.**
Ilana Volkov
Mark Tsukerman
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re:                                    :    Chapter 11
:
NICHOLAS G. A. DENTON,                    :    Case No. 16-12239 (SMB)
:
Debtor.[1]                       :
:
---------------------------------------------------------x

### DEBTOR'S APPLICATION TO RETAIN AND EMPLOY FRIEDMAN LLP AS TAX ACCOUNTANT *NUNC PRO TUNC* TO SEPTEMBER 1, 2016

Nicholas Denton, the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), hereby files this application (the "**Application**") for an order, substantially in the form of the proposed order attached as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") authorizing the Debtor to retain and employ Friedman LLP ("**Friedman**") as his tax accountant, *nunc pro tunc* to September 1, 2016, in accordance with the terms and conditions set forth herein.

---

[1] The last four digits of the Debtor's social security number are 1234.

In support of the Application, the Debtor submits the declaration of Neil Ehrenkrantz (the "**Ehrenkrantz Declaration**"), which is attached as **Exhibit B**. In further support of the Application, the Debtor respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## Background

4. On August 1, 2016 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). The Debtor's chapter 11 filing was precipitated by an adverse verdict in an action entitled, *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.), in which the jury entered an award against the Debtor in the amounts of $115 million and $10 million for compensatory and punitive damages, respectively. The Debtor filed a notice of appeal and intends to prosecute an appeal of the awards.

5. The Debtor is the founder and CEO of Gawker Media Group, Inc. ("**GMGI**") and Gawker Media, LLC ("**Gawker Media**"), an online media company. GMGI is the parent company of Gawker Media and Kinja, Kft., a Hungarian corporation ("**Kinja**" and together with Gawker Media and GMGI, the "**Company**").[2] A summary of the Debtor's assets and liabilities,

---

[2] On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and on June 12, 2016, GMGI and Kinja each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Gawker Chapter 11 Cases**").

2

and the circumstances leading to the filing of the Chapter 11 Case, is set forth in the *Declaration of Nicholas G.A. Denton Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 11].

6. The Debtor continues to manage his assets and affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. To date, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"). No trustee or examiner has been appointed in the Chapter 11 Case.

### Relief Requested and Basis Therefor

8. As set forth in Section 327(a) of the Bankruptcy Code, a debtor-in-possession, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to represent or assist the trustee [debtor-in-possession] in carrying out the trustee's [debtor-in-possession's] duties under this title." 11 U.S.C. § 327(a). Section 330(a) provides in pertinent part that, after notice and hearing, the court may award to a professional person employed under section 327 "reasonable compensation for actual, necessary services rendered by the . . . professional person, . . . [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a).

9. The Debtor seeks an order pursuant to sections 327(a) and 330 of the Bankruptcy Code authorizing him to retain and employ Friedman LLP as his tax accountant, *nunc pro tunc* to September 1, 2016, in accordance with the terms and conditions set forth herein.

10. The Debtor seeks to retain Freidman to assist the Debtor in preparing and filing outstanding federal and applicable state and local income tax returns for the year ending December 31, 2015 (which is currently on extension through October 15, 2016), and to advise and assist the Debtor in preparing and filing his 2016 federal and applicable state and local tax returns

3

and any tax obligations and/or filings required to be filed in connection with or during this Chapter 11 Case.

11. The Debtor has selected Friedman because of its considerable experience in the areas of tax consulting and tax return preparation, and believes Friedman is duly qualified to provide him with the accounting and tax preparatory services contemplated herein.

12. Friedman has stated its desire and willingness to provide the following services to the Debtor as his tax accountant in this case pursuant to following terms and conditions:

    (a) For the Debtor's 2015 returns, Friedman has agreed to charge a flat fee of $3,000 for the Debtor's non-international forms of the federal income tax return and the necessary state and local income tax returns

    (b) To the extent the Debtor's 2015 returns involve international tax reporting, Friedman will charge for its services in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, as more fully set forth in the Ehrenkrantz affidavit.

    (c) For the Debtor's 2016 returns, due to the possibility of filing split year federal and state income tax returns, Friedman will charge for its services in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, as more fully set forth in the Ehrenkrantz affidavit.

    (d) Friedman will assist with any communications with federal, state or local regulators for any tax matter as requested by the Debtor in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, as more fully set forth in the Ehrenkrantz affidavit.

    (e) If necessary and at the Debtor's request, Friedman will Provide expert testimony in support of the work that Friedman performs in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, as more fully set forth in the Ehrenkrantz affidavit.

13. The Debtor understands that Friedman will be applying to the Court for authority to be paid its fees and expense pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with the applicable Bankruptcy Rules and Local Rules.

14. The Debtor believes that the retention and employment of Friedman on the terms and conditions provided herein is in the best interest of the Debtor, and his estate and creditors.

15. The Debtor requests that Friedman's retention be effective as of September 1, 2016, when Friedman commenced working for the Debtor. In view of the Debtor's October 15, 2016, extension deadline, Friedman commenced providing services to the Debtor in advance of the filing and approval of this Application in anticipation that its retention would be approved on a *nunc pro tunc* basis.[3] The Debtor submits that the circumstances are of a nature warranting retroactive approval. *See Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 621 (2d Cir. 1999) (noting that bankruptcy courts have discretion over the approval of professionals in a manner which takes into account the particular facts and circumstances surrounding the proposed retention). This court has approved *nunc pro tunc* employment similar to that requested herein. *See, e.g.*, In re SunEdison, Inc., No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 8, 2016) (order approving employment of independent auditor and tax consultant *nunc pro tunc*).

### Friedman's Disinterestedness

16. The accompanying Ehrenkrantz Declaration describes the relationship, if any, that Friedman has with creditors of the Debtor and other parties in interest. As set forth in the Ehrenkrantz Declaration, Friedman does not believe any of those relationships would preclude the Debtor's retention of Friedman under sections 327(a) and 101(14) of the Bankruptcy Code in that it does not hold or represents any interest adverse to the Debtor, his estate or creditors and is a disinterested person.

---

[3] Prepetition, the Debtor's tax returns were prepared by Citrin Cooperman & Company, LLP ("**Citrin**"); Citrin was also the Company's accountant. Because Citrin has been engaged by the Company to perform auditing and accounting services for the debtors in the Gawker Chapter 11 Cases, and holds a prepetition claim against the Debtor, the Debtor was forced to retain a different firm to prepare his tax returns.

17. The Debtor has been informed that Friedman will continue conducting a review of its files when additional material parties are identified to ensure no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Friedman will supplement its disclosures to the Court.

### Notice

18. Notice of this Application has been provided to (i) the U.S. Trustee, (ii) the holders of the twenty (20) largest unsecured claims against the Debtor, (iii) the Debtor's secured creditor, (iv) any party that has filed a notice of appearance in this case, and (v) any such other party entitled to notice pursuant Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-1(b). The Debtor respectfully submits that no other or further notice is required.

55451/0001-13578529v3

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form as the Proposed Order attached as **Exhibit A**, (a) authorizing the Debtor to retain and employ Friedman as his tax accountant effective as of September 1, 2016, the date Friedman began working for the Debtor, on the terms and conditions set forth herein, and (b) granting such other relief as the Court deems just and proper.

Respectfully submitted,

NICHOLAS G. A. DENTON

By: _____

Dated: October 13, 2016