**COHEN & GRESSER LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514
Daniel H. Tabak
Mark Spatz

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
: 
: 
In re:                                                              :    Chapter 11
: 
NICHOLAS G. A. DENTON                                     :
:    Case No. 16-12239 (SMB)
Debtor.[1]                                        :
: 
: 
-----------------------------------------------------------------x

**RESPONSE AND RESERVATION OF RIGHTS OF TERRY G. BOLLEA TO**
**DEBTOR'S APPLICATION TO RETAIN AND EMPLOY**
**DOUGLAS ELLIMAN REAL ESTATE AS BROKER**

Terry G. Bollea, an unsecured creditor, responds to Debtor's Application to Retain and Employ Douglas Elliman Real Estate as Broker (the "Application") as follows:

1.  This Court denied Debtor's prior motion to lease his condominium located at 76 Crosby Street, New York, New York 10012 (the "Condominium"). *See* Order Denying Debtor's Motion for Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtor to Lease Residential Real Estate (Dkt. No. 50). At the hearing on that motion, the Court cautioned that leasing the apartment would be a "short-term solution to what is a long term problem" and that ultimately, "it may be in the best interest of the estate on purely economic terms to sell the apartment, pay off the mortgage, cut the expenses, and use the equity to propose

---

[1] The last four digits of Debtor's social security number are 1234.

a plan." Transcript of August 24, 2016 Hearing re: Debtor's Motion Pursuant to Sections 105(A) and 363(B) of the Bankruptcy Code Authorizing the Debtor to Lease Residential Real Estate ("August 24 Hearing Transcript"), 75:14-76:2 (Dkt. No. 49).

2. Debtor appears to have heeded this Court's advice insofar as he "has determined that it is appropriate to list the Condominium on the market for sale in order to maximize value to his estate." *See* Application ¶ 12. However, the proposed agreement between Debtor and Douglas Elliman (the "Engagement Agreement") also includes provisions for Douglas Elliman to offer the Condominium for lease. *See* Engagement Agreement ¶ 5 (Dkt. No. 62-3).

3. Mr. Bollea does not categorically object to the possibility of Debtor leasing the Condominium, but the Engagement Agreement raises at least two potential issues if Debtor decides to lease the Condominium instead of sell it.

4. First, while the Engagement Agreement includes an authorized sale price equal to a recent appraisal of the Condominium, *id.* ¶ 3, the Engagement Agreement is silent as to any authorized monthly lease price for the Condominium. In his Application, Debtor acknowledges that the carrying costs for the Condominium are at least $19,186.19.[2] *See* Application ¶ 9. Accordingly, any proposed lease should at least be able to cover the carrying costs to ensure that the Condominium does not continue to be a "drain" on the estate. *See* August 24 Hearing Transcript, 64:3 (Court: "[A]s I look at this case, the home is a drain."); *accord id.* 64:10 (Debtor's counsel: "I understand that it's a drain . . . .").

5. Second, although broker fees are typically paid by the tenant – and in fact would not have been chargeable to Debtor in his prior motion – the Engagement Agreement requires Debtor to pay Douglas Elliman 15% of the aggregate rent for the first year of the lease. *See*

---

[2] During the hearing on his prior motion to lease the Condominium, Debtor agreed that the carrying costs on the Condominium were about $20,600. *See* August 24 Hearing Transcript, 48:14-50:4.

2

Engagement Agreement ¶ 5. Depending on the terms of a lease, this could be a further drain on the estate and prove to undermine the economic value of leasing the Condominium instead of selling it.

6. The issues raised by Debtor's potential leasing of his Condominium are not ripe because Debtor could choose to heed this Court's advice by selling his Condominium. Indeed, Debtor has not entered into any proposed lease under this Engagement Agreement, much less made a motion for this Court to approve any such proposed lease. Accordingly, Mr. Bollea reserves his rights to consider and object to any proposed lease (or sale) of the Condominium if the proposed transaction is not in the economic best interests of the estate.

7. Mr. Bollea further reserves the right to raise objections to the Application at the hearing.

Date:   October 18, 2016
        New York, New York

                                                Respectfully submitted


                                                ___/s/Daniel H. Tabak_____
                                                Daniel H. Tabak
                                                COHEN & GRESSER LLP
                                                800 Third Avenue, 21st Floor
                                                New York, New York 10003
                                                Tel: (212) 957-7600
                                                dtabak@cohengresser.com

                                                Eric B. Fisher
                                                BINDER & SCHWARTZ LLP
                                                366 Madison Avenue, Sixth Floor
                                                New York, New York 10017
                                                Tel: (212) 933-4551
                                                efisher@binderschwartz.com

                                                *Attorneys for Terry G. Bollea*