Daniel H. Tabak
Mark Spatz
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, New York 10003
Tel:  (212) 957-7600
dtabak@cohengresser.com
mspatz@cohengresser.com

Eric B. Fisher
Jessica L. Jimenez
BINDER & SCHWARTZ LLP
366 Madison Avenue, Sixth Floor
New York, New York 10017
Tel:  (212) 933-4551
efisher@binderschwartz.com
jjimenez@binderschwartz.com

Shane B. Vogt (admitted *pro hac vice*)
BAJO CUVA COHEN TURKEL
100 N. Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 868-6650
shane.vogt@bajocuva.com

*Attorneys for Creditor Terry G. Bollea*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Nicholas G. A. Denton,<br><br>                Debtor. | Chapter 11<br><br>Case No. 16-12239 (SMB) |
| Terry G. Bollea,<br><br>                Plaintiff,<br><br>                v.<br><br>Nicholas G. A. Denton,<br><br>                Defendant. | Adv. Proc. No. 16-_____ (SMB) |

**COMPLAINT**

      1.      Terry G. Bollea, by and through his attorneys, Cohen & Gresser LLP, Binder &

Schwartz LLP, and Bajo Cuva Cohen Turkel, as and for his complaint declaring the debt owed

by Nicholas G. A. Denton ("Debtor") to Mr. Bollea to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6), respectfully alleges the following:

## JURISDICTION AND VENUE

2.  This complaint initiates an adversary proceeding as contemplated by Federal Rules of Bankruptcy Procedure 7001(1) and 7001(6). This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523.

4.  Venue is proper pursuant to 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

5.  Mr. Bollea is a 63-year-old former professional wrestler as well as motion picture actor and television personality who earned mainstream popularity over the past four decades portraying the character "Hulk Hogan."

6.  In the summer of 2007, while Mr. Bollea was experiencing a very difficult time in his personal life, his then-best-friend used a hidden camera to illegally and secretly record Mr. Bollea naked and having sex in a private bedroom. Mr. Bollea had no idea he was being recorded.

7.  Several years later, in September 2012, under suspicious circumstances, a DVD containing 30 minutes of this illegally recorded footage was "anonymously" delivered to A.J. Daulerio, who was then the Editor-in-Chief of Gawker.com, a website operated by Gawker Media, LLC ("Gawker").

8.  Mr. Daulerio decided to create a "highlight reel" of the "Hulk Hogan sex tape" and post it on the Internet on Gawker.com.

9. Mr. Daulerio sought and obtained the approval of Debtor, who was then the President and CEO of Gawker, before posting a sexually explicit excerpt of the 30-minute video on Gawker.com, along with a written narrative graphically describing Mr. Bollea's anatomy and the entirety of the 30-minute video. The post also invited "shameless voyeurs and deviants" to come watch Mr. Bollea naked and having sex (the "Gawker Video").

10. Millions of visitors flocked to Gawker's website to watch the footage, and millions more saw Mr. Bollea naked and having sex on pornography websites where it was re-posted.

11. In all, over seven million visitors watched Mr. Bollea naked and having sex in a video recorded without his knowledge or consent, causing Mr. Bollea to suffer severe emotional distress, humiliation, and embarrassment.

12. Mr. Bollea immediately sent demands to Debtor and Gawker seeking the removal of the illegally recorded video. Debtor refused because he considered Mr. Bollea's plea "unpersuasive."

13. Thereafter, Mr. Bollea commenced litigation against Debtor, Mr. Daulerio, and Gawker (the "Gawker Defendants"), as well as others. Eventually, the case against the Gawker Defendants proceeded to trial in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida on the following claims: (1) publication of private facts; (2) invasion of privacy by intrusion upon seclusion; (3) violation of Florida common law right of publicity; (4) intentional infliction of emotional distress; and (5) violation of Florida's Security of Communications Act (the "Bollea Litigation"). *See* Ex. A (First Amended Complaint).

14. The jury trial began on March 1, 2016. On March 18, 2016, the jury returned a verdict for Mr. Bollea on all counts and awarded $115 million in joint and several compensatory damages against each of Debtor and the other Gawker Defendants. Ex. B (Verdict Form 10).

15. The jury also found that *each* of the Gawker Defendants, including Debtor, acted with the "specific intent to harm [Mr. Bollea] when they posted the video on the Internet," and thus punitive damages against each of them were warranted. *Id.*

16. The verdict form asked, "[d]id Defendant(s) have a specific intent to harm Plaintiff when they posted the VIDEO on the Internet?" *Id.* Next to Debtor's name, the jury checked the line for "Yes." *Id.*

17. The jury rejected the Gawker Defendants' defense that they had a good faith belief that their conduct was lawful. *Id.* at 3.

18. On March 21, 2016, the jury awarded Mr. Bollea an additional $25.1 million in punitive damages divided as follows: $15 million against Gawker, $10 million against Debtor, and $100,000 against Mr. Daulerio. *See* Ex. C (Punitive Damages Verdict Form).

19. The total amount of the judgment awarded in the Bollea Litigation was $140.1 million and remains unpaid in its entirety (the "Debt").

20. On June 7, 2016, the jury's verdict was reduced to a Final Judgment. Ex. D (Final Judgment).

21. Also on June 7, 2016, the trial court in the Bollea Litigation entered a Permanent Injunction against the Gawker Defendants. Ex. E (Permanent Injunction). In the Permanent Injunction, following an independent review of the record and the jury's verdict, the trial court agreed with the jury's findings and concluded that, "Mr. Bollea established by clear and

convincing evidence that Gawker Defendants maliciously engaged in intentional misconduct…." *See* Ex. E (Permanent Injunction ¶ 44).

## CLAIM FOR RELIEF
## (11 U.S.C. § 523(a)(6))

22.    Mr. Bollea incorporates by reference each and every paragraph of this Complaint as fully set forth herein.

23.    Debtor's actions, including but not limited to his active participation in publishing the Gawker Video on Gawker.com in order to profit from the resulting increase in Gawker's revenues, viewership, and value were clear and egregious violations of Mr. Bollea's right of privacy.

24.    By posting the Gawker Video on Gawker.com and rejecting Mr. Bollea's plea to take down the Gawker Video despite knowing that Mr. Bollea did not consent, Debtor publicly disclosed private facts about Mr. Bollea in a manner that a reasonable person would find highly offensive and that did in fact cause Mr. Bollea severe emotional distress.

25.    Debtor intentionally disclosed the Gawker Video and acted with the specific intent to harm Mr. Bollea by posting the Gawker Video on Gawker.com.

26.    Debtor's misconduct was willful and malicious.

27.    Debtor intended to and actually did cause injury and damage to Mr. Bollea.

28.    The Debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Mr. Bollea requests the entry of a judgment against Debtor as follows:

1. Declaring all amounts awarded to Mr. Bollea from Debtor in the Bollea Litigation non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); and

2. Awarding Mr. Bollea such other and further relief as the Court deems appropriate.

Date: October 24, 2016
New York, New York

                      Respectfully submitted

                      /s/ Daniel H. Tabak
                      Daniel H. Tabak
                      Mark Spatz
                      COHEN & GRESSER LLP
                      800 Third Avenue, 21st Floor
                      New York, New York 10003
                      Tel: (212) 957-7600
                      dtabak@cohengresser.com
                      mspatz@cohengresser.com

                      Eric B. Fisher
                      Jessica L. Jimenez
                      BINDER & SCHWARTZ LLP
                      366 Madison Avenue, Sixth Floor
                      New York, New York 10017
                      Tel: (212) 933-4551
                      efisher@binderschwartz.com
                      jjimenez@binderschwartz.com

                      Shane B. Vogt (admitted *pro hac vice*)
                      BAJO CUVA COHEN TURKEL
                      100 N. Tampa Street, Suite 1900
                      Tampa, Florida 33602
                      Tel: (813) 868-6650
                      shane.vogt@bajocuva.com

                      *Attorneys for Terry G. Bollea*