**Hearing Date: November 10, 2016 at 10:00 a.m. (ET)**
**Objection Deadline: November 3, 2016 at 4:00 p.m. (ET)**

**COLE SCHOTZ P.C.**
Ilana Volkov, Esq.
Mark Tsukerman, Esq.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                       :
In re:                                   :      Chapter 11
                                       :
NICHOLAS G. A. DENTON,       :      Case No. 16-12239 (SMB)
                                     :
                      Debtor.[1]      :
                                       :
---------------------------------------------------------------x

**DEBTOR'S MOTION TO APPROVE STIPULATION AND ORDER**
**EXTENDING THE DEADLINES WITHIN WHICH THE GAWKER**
**ENTITIES MAY FILE A PREPETITION CLAIM AGAINST THE DEBTOR**
**OR SEEK TO EXCEPT SUCH CLAIM FROM THE DEBTOR'S DISCHARGE**

        Nicholas Denton, the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), by and through his undersigned counsel, hereby files this motion (the "**Motion**") to approve the Stipulation Between the Debtor and the Gawker Entities and Agreed to Order, dated October 24, 2016 (the "**Stipulation and Order**") attached hereto as **Exhibit A**, pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the deadlines for the Gawker Entities (defined below) to (a) assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor which

---

[1] The last four digits of the Debtor's social security number are 1234.

arose prior to the Petition Date (defined below) and (b) to seek to except a debt from the Debtor's discharge pursuant to sections 523(a), 523(c) and 1141(d)(2) of the Bankruptcy Code through and including December 30, 2016, without prejudice to further extensions of time by agreement of the parties or order of the Court. In support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 1141(d)(2) and Bankruptcy Rules 4007(c) and 9006(b).

## BACKGROUND

### A. The Bankruptcy Proceedings

3. On August 1, 2016 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage his assets and affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. To date, no creditors' committee has been appointed in the Debtor's chapter 11 case by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed.

4. The Debtor is the founder and former CEO of Gawker Media Group, Inc. ("**GMGI**") and Gawker Media, LLC ("**Gawker Media**"), an online media company. GMGI is

the parent company of Gawker Media and Kinja, Kft., a Hungarian corporation ("**Kinja**"[2] and together with Gawker Media and GMGI, the "**Company**" or the "**Gawker Entities**").

5. The Debtor was forced to commence his chapter 11 case, and the Company also was forced to commence chapter 11 cases pending before this Court (the "**Gawker Chapter 11 Cases**"), as a result of a judgment in excess of $100 million that was issued against the Debtor, Gawker Media, and A.J. Daulerio in the action entitled, *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.). A summary of the Debtor's assets and liabilities, and the circumstances leading to the filing of the Chapter 11 case, is set forth in the *Declaration of Nicholas G.A. Denton Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 11].

6. On August 25, 2016, the U.S. Trustee convened and presided over the meeting of creditors pursuant to 11 U.S.C. § 341(a), which was concluded and closed that same date.

7. Pursuant to Bankruptcy Rule 4007(c) and the *Notice of Chapter 11 Bankruptcy Case* filed on August 2, 2016 [Docket No. 12], October 24, 2016 (the "**Section 523 Deadline**") was fixed as the deadline to seek to except certain debts from the Debtor's discharge pursuant to Bankruptcy Code sections 523(a), (c), and 1141(d)(2).

8. On October 14, 2016, the Court entered an *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 73], establishing November 18, 2016 (the "**Bar Date**") as the last day for all persons and entities, but not including governmental units, to assert a claim, as defined in section 101(5) of the

---

[2] Effective as of September 27, 2016, Kinja changed its name to Gawker Hungary Kft. For ease of reference, however, it will be referred to as Kinja herein.

Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Debtor's chapter 11 petition on the Petition Date (a "**Pre-Petition Claim**").

      **B.**      **The Gawker Entities' Joint Chapter 11 Plan of Liquidation**

9. On September 30, 2016, the Gawker Entities filed a Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. (the "**Gawker Plan**") and Disclosure Statement for the Gawker Plan. [*See* Case No. 16-11700, Docket No. 308].

10. Pursuant to the *Order Extending Exclusive Periods to File Chapter 11 Plan and Soloctt Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* entered in the Gawker Chapter 11 Cases [Case No. 16-11700, Docket No. 329], the exclusive period to solicit acceptances of a plan in the Gawker Chapter 11 Cases has been extended to February 5, 2017 for Gawker Media and February 7, 2017 for each of GMGI and Kinja.

11. In connection with the plan process in the Gawker Chapter 11 Cases, the Debtor, the Gawker Entities, the Official Committee of Unsecured Creditors appointed in the Gawker Chapter 11 Cases (the "**Gawker Committee**"), and other parties in interest, have had preliminary discussions and intend to continue good faith negotiations regarding the potential settlement of Pre-Petition Claims, if any, of the Gawker Entities (and nondischargeability thereof) against the Debtor and/or his estate. In order to preserve the parties' respective rights and positions and to continue such good faith discussions, the Debtor and the Gawker Entities (the "**Parties**"), in consultation with the Gawker Committee, have executed the Stipulation and Order attached as **Exhibit A**, extending the Bar Date and the Section 523 Deadline for the Gawker Entities (or any person or entity with standing to act on behalf of one or more of the Gawker Entities) through and including December 30, 2016.

4

**RELIEF REQUESTED**

12.     By this Motion, the Debtor seeks the Court's approval of the Stipulation and Order attached as **Exhibit A** extending the Bar Date and the Section 523 Deadline as to the Gawker Entities (or any person or entity with standing to act on behalf of one or more of the Gawker Entities) through and including December 30, 2016, without prejudice to further extensions of time by agreement of the Parties or order of the Court.

**BASIS FOR RELIEF**

13.     Pursuant to section 523(c) of the Bankruptcy Code, a debtor is discharged from a debt of a kind specified in subsections (a)(2), (a)(4), or (a)(6) of section 523(a) of the Bankruptcy Code unless, on request of the creditor to whom such debt is owed, and after notice and hearing, the court determines such debt to be excepted from the Debtor's discharge under any such subsections. *See* 11 U.S.C. § 523(c).  Furthermore, section 1141(d)(2) of the Bankruptcy Code provides that a "discharge under [chapter 11 of the Bankruptcy Code] does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of [the Bankruptcy Code]." 11 U.S.C. § 1141(d)(2).

14.     Pursuant to Bankruptcy Rules 4007(c), "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bank. P. 4007(c).  In addition, Bankruptcy Rule 4007(c) provides, in pertinent part, that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend [the Section 523 Deadline].  The Motion shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c).  Furthermore, Bankruptcy Rule 9006(b) provides, in pertinent part, that "the court may enlarge the time for taking action under Rule[] . . .

5

4007(c) . . . only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3).

15. The Debtor respectfully submits that cause exists to approve the Stipulation and Order and extend the Section 523 Deadline and the Bar Date as requested herein. As noted above, the Debtor, the Gawker Entities, the Gawker Committee, as well as other parties in interest, have commenced discussions regarding the potential settlement of Pre-Petition Claims, if any, of the Gawker Entities (and their respective bankruptcy estates), including the dischargeabilty of any such claims, against the Debtor and/or his estate.  Any such settlement will likely affect, and could potentially materially benefit, the Debtor's chapter 11 case depending on the outcome and terms of such settlement discussions.  The extension of the Section 523 Deadline and the Bar Date as to the Gawker Entities will allow the parties to continue such discussions and good faith negotiations while preserving their respect rights and positions in connection therewith.  Accordingly, the Debtor respectfully submits that it is in the best interests of his estate to extend the Section 523 Deadline and the Bar Date as to the Gawker Entities in accordance with the Parties' agreed-to terms of the Stipulation and Order.

16. Nothing contained here is or should be construed as:  (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay a claim; or (d) otherwise affect the Debtor's rights under the Bankruptcy Code.

## **NO PRIOR REQUEST**

17. No previous request for the relief sought herein has been made to this or any other court.

6

## **NOTICE**

18. Notice of the Motion will be given to: (i) the U.S. Trustee, (ii) the holders of the twenty (20) largest unsecured claims against the Debtor, (iii) the Debtor's secured creditor, (iv) any party that has filed a notice of appearance in this case; and (v) any such other party entitled to notice pursuant Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-1(b). The Debtor respectfully submits that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons and authorities, the Debtor respectfully requests that the Court approve the Stipulation and Order attached as **Exhibit A** and grant such other or further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
October 24, 2016

      COLE SCHOTZ P.C.

      */s/ Ilana Volkov*
      Ilana Volkov
      Mark Tsukerman
      1325 Avenue of the Americas, 19th Floor
      New York, New York 10019
      Telephone: (212) 752-8000
      Facsimile: (212) 752-8393

      – and –

      Warren A. Usatine (admitted *pro hac vice*)
      Court Plaza North
      25 Main Street
      P.O. Box 800
      Hackensack, New Jersey 07602-0800
      Telephone: (201) 489-3000
      Facsimile: (201) 489-1536

      *Counsel for Debtor and Debtor in Possession*

# **EXHIBIT A**

**Stipulation and Order**

55451/0001-13718260v2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                             :

In re                                                      :         Chapter 11

NICHOLAS G.A. DENTON,                     :         Case No. 16-12239 (SMB)

              Debtor.[1]                           :         (Jointly Administered)

-------------------------------------------------------x

**STIPULATION BETWEEN THE DEBTOR AND THE GAWKER ENTITIES AND AGREED TO ORDER**

The above-captioned debtor (the "Debtor") and Gawker Media LLC, Gawker Media Group, Inc., and Gawker Hungary Kft. (collectively, and as both debtors and debtors in possession, the "Gawker Entities," and together with the Debtor, the "Parties") by and through their respective counsel, hereby enter into this stipulation (the "Stipulation and Order") for an agreed order implementing certain agreements negotiated among the parties.

**Recitals**

WHEREAS, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on August 1, 2016 (the "Petition Date") and the first meeting of creditors was held on August 25, 2016;

WHEREAS, the deadline to object to the discharge (the "Discharge") of the Debtor's debts, if any, to the Gawker Entities pursuant to sections 523(a), (c), and 1141(d)(2) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") is October 24, 2016;

WHEREAS, pursuant to the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 73] (the "Bar Date Order"), the last day for all persons and entities, but not including governmental units, to assert a claim, as

---

[1] The last four digits of the Debtor's social security number are 1234.

59302002_1

defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the petition on the Petition Date (a "Pre-Petition Claim"), is November 18, 2016 (the "Bar Date");

WHEREAS, each of the Gawker Entities may have Pre-Petition Claims against the Debtor, and may assert that such Pre-Petition Claims are nondischargeable (the "Nondischargeability Actions"), and the Debtor may dispute such claims and/or assert that such claims are dischargeable;

WHEREAS, (a) the Gawker Entities have filed a proposed plan of reorganization in their own chapter 11 cases (the "Gawker Entities' Chapter 11 Cases"), (b) the plan process in those cases, including potential settlements of Pre-Petition Claims of the Gawker Entities (and nondischargeability thereof), if any, against the Debtor and/or his estate are likely to affect the Debtor's chapter 11 case, (c) the Gawker Entities seek an extension of their time to object to the Discharge, and (d) the exclusive period to solicit acceptance of a plan has been extended in the Gawker Entities' Chapter 11 Cases to February 5, 2017 and February 7, 2017;

WHEREAS, the Parties agree that an extension of the time for the Gawker Entities to file Pre-Petition Claims, if any, in the Debtor's chapter 11 case and to object to the Discharge will save costs and permit the Parties to continue discussions (among themselves and with creditors in all of the chapter 11 cases) relating to such claims and the Discharge; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND SO ORDERED THAT:**

1. The last day for the Gawker Entities (or any person or entity acting on behalf of one or more of the Gawker Entities) to object to the Discharge shall be and hereby is extended

-2-

through and including December 30, 2016, without prejudice to further extensions of time by agreement of the Parties or order of this Court.

2. The last day for the Gawker Entities (or any person or entity acting on behalf of the Gawker Entities) to file Pre-Petition Claims in the Debtor's chapter 11 case is extended through and including December 30, 2016.

3. This Stipulation and Order shall not affect the substantive rights of the Debtor or the Gawker Entities (or any person or entity acting on behalf of the Gawker Entities), nor shall it constitute an acknowledgement by the Debtor of the validity, nature, priority or amount of any Pre-Petition Claim of the Gawker Entities, or the nondischargeability of any debt.

4. The Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Electronic signatures shall have the same force and effect as original signatures.

5. This Stipulation and Order and all of its provisions are binding on, and inure to the benefit of, the Parties hereto and their respective successors and assigns. For the avoidance of doubt, the official committee of unsecured creditors in the Gawker Entities' Chapter 11 Cases or any other person granted standing to prosecute Gawker Entities' Pre-Petition Claims and/or Nondischargeability Actions (if and when standing is granted), and any estate representative with standing and authority to prosecute such matters after confirmation of a chapter 11 plan in the Gawker Entities' Chapter 11 Cases, shall be a beneficiary of this Stipulation and Order with respect to such matters.

6. The Court shall retain exclusive jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Stipulation and Order. This Stipulation and Order shall not be modified without the prior consent of the committee of unsecured

creditors in the Gawker Entities Chapter 11 Cases and the Parties hereto or as otherwise ordered by this Court.

7. Any stay of this Stipulation and Order provided for in the Federal Rules of Bankruptcy Procedure or otherwise is hereby waived, and this Stipulation and Order shall be effective and enforceable upon its entry.

Dated: October 24, 2016
New York, New York

/s/ Mark Tsukerman
Mark Tsukerman, Esq.
Ilana Volkov, Esq.
COLE SCHOTZ P.C.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

-and-

Warren A. Usatine (admitted *pro hac vice*)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Counsel for the Debtor and Debtor in Possession*

/s/ Gregg M. Galardi
Gregg M. Galardi
D. Ross Martin
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Gawker Entities, as Debtors and Debtors in Possession*

SO ORDERED:

Date: _____ \_\_, 2016        _____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

59302002_1