Hearing Date:  March 22, 2017 at 10:00 a.m. (ET)
Objection Deadline:  March 15, 2017 at 4:00 p.m. (ET)

**COLE SCHOTZ P.C.**
Ilana Volkov, Esq.
Mark Tsukerman, Esq.
1325 Avenue of the Americas, 19th Floor
New York, New York  10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NICHOLAS G. A. DENTON,<br><br>                Debtor in possession.[1] | Chapter 11<br><br>Case No. 16-12239 (SMB) |
| TERRY G. BOLLEA,<br><br>                Plaintiff,<br><br>v.<br><br>NICHOLAS G. A. DENTON,<br><br>                Defendant. | Adv. Pro. No. 16-01248 (SMB) |

**DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT
WITH TERRY GENE BOLLEA AND DISMISS ADVERSARY PROCEEDING**

        Nicholas Denton (the "**Debtor**"), the debtor and debtor in possession in the

above-captioned chapter 11 case (the "**Chapter 11 Case**") and defendant in the above-captioned

adversary proceeding (the "**Adversary Proceeding**"), hereby files this motion (the "**Motion**") for

an order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"), (a) approving

---

[1] The last four digits of the Debtor's social security number are 1234.

that certain Settlement Agreement (the "**Denton-Bollea Settlement**") by and between the Debtor and Terry Gene Bollea ("**Bollea**"), a copy of which is attached as **Exhibit 1** to the Proposed Order, and (b) dismissing the Adversary Proceeding with prejudice.  In support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND AUTHORITY

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

### A.     The Bankruptcy Proceedings

2.     On August 1, 2016 (the "**Petition Date**"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to manage his assets and affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  To date, no creditors' committee has been appointed in the Debtor's chapter 11 case by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed.

3.     The Debtor is the founder and former CEO of Gawker Media Group, Inc. ("**GMGI**") and Gawker Media, LLC ("**Gawker Media**"), an online media company.  GMGI is the parent company of Gawker Media and Gawker Hungary, Kft. ("**Gawker Hungary**," and together with Gawker Media and GMGI, the "**Company**" or the "**Gawker Entities**").  The Debtor holds approximately 29.52% of the shares in GMGI on a fully diluted basis, comprised of

2

(a) 40,009,140 of Series A preferred shares of GMGI, (b) 249,480 Series A preferred share options, (c) 4,445,460 of common shares in GMGI, and (d) 319,980 common share options.

4. The Debtor was forced to commence the Chapter 11 Case, and the Gawker Entities also were forced to commence chapter 11 cases pending before this Court (the "**Gawker Chapter 11 Cases**"), as a result of a judgment in excess of $100 million that was issued against the Debtor, Gawker Media, and A.J. Daulerio in the action entitled, *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.) (the "**Bollea Lawsuit**").

5. On October 24, 2016, Bollea commenced the Adversary Proceeding by filing a complaint (the "**Non-Dischargeability Complaint**") to declare Bollea's claim against the Debtor to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). By Stipulation and Orders entered by the Court on November 4 and December 16, 2016 [*see* Adv. Pro. Docket Nos. 4 and 7], the Debtor's time to answer, move, or otherwise respond to the Non-Dischargeability Complaint has been extended through and including March 1, 2017.

### B. The Bollea Lawsuit and Judgment

6. The Bollea Lawsuit arose out of a publication on Gawker.com of an article (the "**Hogan Story**") commenting on a video depicting plaintiff Terry Gene Bollea, the professional wrestler and entertainer known as "Hulk Hogan," having sexual relations with Heather Clem, the wife of his then-best friend, radio disk jockey Bubba Clem, along with highly edited video excerpts (the "**Excerpts**"). Bollea initially challenged both the publication of the Hogan Story and the Excerpts, but by the time of trial had narrowed his claim to focus only on the Excerpts.

7. Bollea originally commenced his lawsuit in federal court under the caption *Bollea v. Gawker Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.). After several motions

3

seeking preliminary injunctive relief were denied by the federal court on First Amendment grounds, *see, e.g., Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012); *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012), the plaintiff dismissed his federal court action, and re-filed his claims in state court, adding them to an existing lawsuit against the Clems. *See Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CT-011 (Fla. Cir. Ct.).

8.  The lawsuit involved extensive proceedings in the Florida courts. Following the dismissal of the other defendants, the case was tried in March 2016 against the Debtor, Gawker Media, and A.J. Daulerio (the author of the Hogan Story) (collectively, the "**Bollea Lawsuit Defendants**"), and resulted in a $140.1 million verdict. The Debtor was found to be jointly and severally liable with Gawker Media and A.J. Daulerio with respect to $115 million in compensatory damages (the "**Bollea Compensatory Damages Judgment**") and separately liable with respect to $10 million in punitive damages (the "**Bollea Punitive Damages Judgment**," and together with the Bollea Compensatory Damages Judgment, the "**Bollea Judgment**"). An additional $15 million in punitive damages was assessed against Gawker Media, separately, and an additional $100,000 in punitive damages was assessed against Mr. Daulerio separately. On June 7, 2016, the Florida trial court entered final judgment with respect to the jury's award. The Florida trial court also entered a permanent injunction precluding certain uses of materials involving Bollea.

9.  As stated above, the issuance of the Bollea Judgment was the precipitating cause for the Debtor filing this Chapter 11 Case, as well as the Company's commencement of the Gawker Chapter 11 Cases. The Bollea Litigation Defendants filed a notice of appeal of the Bollea Judgment (the "**Bollea Appeal**").

4

10. On November 15, 2016, Bollea filed a proof of claim against the Debtor in the Chapter 11 Case, asserting an unsecured claim in the amount of $125,000,000 based on the Bollea Judgment. Bollea's Claim is designated as Claim Number 6 on the Claims' Register in the Chapter 11 Case (the "**Bollea Claim**"). Bollea filed a similar claim against Gawker Media in its chapter 11 case.

### C. The Gawker Entities' Settlement with Bollea

11. On December 11, 2016, the Gawker Entities filed the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Case No. 16-11700, Docket No. 576] (the "**Gawker Chapter 11 Plan**"), and on December 22, 2016, the Bankruptcy Court entered an Order confirming the Gawker Plan [Case No. 16-11700, Docket No. 638] (the "**Gawker Confirmation Order**").

12. In connection with the formulation, negotiation and prosecution of the Gawker Chapter 11 Plan, the Gawker Entities reached a settlement agreement with Bollea (the "**Gawker-Bollea Settlement**"). The Gawker-Bollea Settlement was embodied in the Gawker Chapter 11 Plan and was approved by the Bankruptcy Court upon entry of the Gawker Confirmation Order. A copy of the Gawker-Bollea Settlement is attached to the Gawker Chapter 11 Plan as Exhibit C. (*See* Case No. 16-11700, Docket No. 590].

13. Pursuant to the Gawker-Bollea Settlement, the Company agreed to, *inter alia*, pay Bollea the sum of $31 million in full and complete settlement, release and discharge of Bollea's claims against the Company, as well as any claims asserted by Bollea against third-parties for which the Gawker Entities have or may have indemnification, contribution, or reimbursement obligations. The latter component of the Gawker-Bollea Settlement effected a full release and satisfaction of the Bollea Compensatory Damages Judgment against the Debtor.

5

Bollea's claim against the Debtor based on the Bollea Punitive Damages Judgment, however, was expressly excluded from the purview of the settlement.

14. In addition, pursuant to paragraph 20 of the Gawker-Bollea Settlement, Bollea agreed that "upon the consummation of a settlement agreement with Denton, the Dischargeability Action against Denton will be dismissed with prejudice."

15. Shortly after the Court entered the Gawker Confirmation Order, in December 2016, the Gawker Entities made the $31 million settlement payment to Bollea. On February 7, 2017, Bollea filed a *Satisfaction of Final Judgment as to Compensatory Damages Against All Defendants* in the Bollea Lawsuit, thereby acknowledging full payment and effecting the cancellation and satisfaction of the Bollea Compensatory Damages Judgment. Also on February 7, 2017, Gawker Media and A.J. Daulerio each filed stipulations for the dismissal of the Bollea Appeal in the Florida appellate court.

### C. The Debtor's Settlement with Bollea

16. Following the negotiation of the Gawker-Bollea Settlement, the Debtor and Bollea reached the Denton-Bollea Settlement. The agreement is the product of good faith and arms'-length negotiations between the parties. As stated in the agreement, the Debtor and Bollea executed the agreement in order to: (1) avoid the extremely high costs and uncertainty of continuing with the litigation of various pending legal proceedings; (2) avoid the lengthy appellate process in the Bollea Lawsuit; (3) avoid lengthy litigation of issues that have been raised and may be raised in the Gawker Chapter 11 Cases, the Chapter 11 Case and the Bollea Lawsuit; and (4) avoid the possibility that the appellate process in the Bollea Lawsuit could result in a new jury trial, with its associated legal fees and costs, uncertainties and associated appeals of a new judgment.

6

17.     Subject to this Court's approval, pursuant to the terms and conditions of the settlement agreement and all as more fully and completely set forth therein, (a) the Debtor has agreed, *inter alia*: (i) to make various affirmations, representations, and commitments concerning the derivation, whereabouts, ownership, possession, retention, control, transfer, destruction and disposition of "Content" (as that term is used and defined in the Bollea Settlement); and (ii) to dismiss and not pursue the Bollea Appeal; (b) Bollea has agreed, *inter alia*, to file and record a Satisfaction of Final Judgment as to the Bollea Punitive Damage Judgment; and (c) except as otherwise provided in the Denton-Bollea Settlement, both the Debtor and Bollea have agreed to exchange mutual releases, fully and forever releasing one another from any and all claims against one another.  Importantly, the Debtor is not obligated to make any cash payments under the Denton-Bollea Settlement.

18.     As provided in the Proposed Order, upon the Court's approval of the Bollea Settlement, the balance of the Bollea Claim will be fully satisfied, and the Adversary Proceeding dismissed with prejudice.  Furthermore, pursuant to the Denton-Bollea Settlement, within three business days of this Court's approval of the agreement becoming a final, non-appealable order, Bollea is required to file and record a Satisfaction of the Bollea Punitive Damages Judgment.  Within three business days thereafter, the Debtor is required to file a notice of voluntary dismissal of the Bollea Appeal.

### RELIEF REQUESTED AND BASIS THEREFOR

19.     By this Motion, the Debtor seeks on order (a) approving the Denton-Bollea Settlement, (b) dismissing the Adversary Proceeding with prejudice, and (c) granting related relief.

20. Bankruptcy Rule 9019(a) permits a debtor in possession to compromise or settle claims, subject to bankruptcy court approval. *See* Fed. R. Bankr. P. 9019(a). The legal standard for determining the propriety of a bankruptcy compromise is whether the settlement is fair and equitable and in the best interests of the estate. *See In re Purofied Down Prods. Corp.*, 150 B.R. 519, 523 (S.D.N.Y. 1993) (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). The decision to approve a particular compromise lies within the sound discretion of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and equitable. *Id*. at 122. The court may consider the opinions of the debtor in possession and its counsel that the settlement is fair and equitable. *Id.*; *see also In re Purofied Down Prods. Corp.*, 150 B.R. at 522. This discretion should be exercised by the bankruptcy court "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (S.D.N.Y. 1998).

21. To approve a proposed compromise, a bankruptcy court is not required to decide numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). In deciding whether a particular settlement falls above the "lowest point in the range of reasonableness," courts consider the following *Iridium* factors:

    a. the balance between the litigation's possibility of success and the settlement's future benefits;

    b. the likelihood of complex and protracted litigation, 'with its attendant expense, inconvenience, and delay;'

    c. the paramount interests of creditors;

      d.      whether other parties in interest support the settlement;

      e.      the 'competency and experience of counsel' supporting, and '[t]he experience and knowledge of the bankruptcy court judge' reviewing, the settlement;

      f.      the nature and breadth of releases to be obtained by officers and directors; and

      g.      the extent to which the settlement is the product of arm's length bargaining.

*Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (quoting *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)).

      22.      Here, the Debtor submits that the requirements of Bankruptcy Rule 9019 are satisfied because the Denton-Bollea Settlement, including the mutual releases provided therein, are fair, equitable, and reasonable given the issues involved and the potential burden to the estate deriving from litigation. As stated above, the agreement is the product of good faith and arms' length negotiations by and between the Debtor and Bollea. Further, the Debtor and Bollea were each represented by competent and experienced counsel in connection with the negotiations and execution of the agreement. Most importantly, the agreement fully resolves the balance of the Bollea Claim, and as a result the Adversary Proceeding, without any cash consideration from Debtor or his estate on account the claim, and without the need to incur further costs associated with litigation.

      23.      The Debtor submits that the Denton-Bollea Settlement represents a fair, equitable, and comprehensive resolution of the Bollea Claim and the Adversary Proceeding, falls well above the lowest point in the range of reasonableness, and satisfies each of the *Iridium* factors.

9

## NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

25.     Notice of the Motion will be given to: (a) the U.S. Trustee, (b) the Debtor's secured creditor and all the Debtor's unsecured creditors, (c) any party that has filed a notice of appearance in this case; and (d) any such other party entitled to notice pursuant Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-1(b).  The Debtor submits that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested in the Motion and such other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
February 24, 2017

                                          COLE SCHOTZ P.C.

                                          /s/ *Ilana Volkov*
                                          Ilana Volkov
                                          Mark Tsukerman
                                          1325 Avenue of the Americas, 19th Floor
                                          New York, New York 10019
                                          Telephone: (212) 752-8000
                                          Facsimile: (212) 752-8393

                                          – and –

                                          Warren A. Usatine (admitted *pro hac vice*)
                                          Court Plaza North
                                          25 Main Street
                                          P.O. Box 800
                                          Hackensack, New Jersey  07602-0800
                                          Telephone: (201) 489-3000
                                          Facsimile: (201) 489-1536

                                          *Counsel for Debtor and Debtor in Possession*