## **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NICHOLAS G. A. DENTON,<br><br>      Debtor in possession.[1]<br><br><br>TERRY G. BOLLEA,<br><br>      Plaintiff,<br><br>      v.<br><br>NICHOLAS G. A. DENTON,<br><br>      Defendant. | Chapter 11<br><br>Case No. 16-12239 (SMB)<br><br><br><br><br>Adv. Pro. No. 16-01248 (SMB) |

**ORDER APPROVING DEBTOR'S MOTION TO APPROVE SETTLEMENT
AGREEMENT WITH BOLLEA AND DISMISS ADVERSARY PROCEEDING**

Upon consideration of the *Debtor's Motion to Approve Settlement Agreement with Bollea* (the "**Motion**")[2] seeking an order (a) approving that certain Settlement Agreement (the "**Denton-Bollea Settlement**") by and between the Debtor and Terry Gene Bollea, a copy of which is attached as **Exhibit 1** and (b) dismissing the Adversary Proceeding with prejudice; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the court having found that the Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given and it appearing that no other or further notice need be provided; and it appearing that

---

[1] The last four digits of the Debtor's social security number are 1234.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the relief requested by the Motion is in the best interest of the Debtor's estate and his creditors and other parties-in-interest; and no objections to the Motion having been filed or received; and the Court having reviewed the Denton-Bollea Settlement; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED that:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 9019, the Denton-Bollea Settlement attached as **Exhibit 1** is hereby approved in all respects.

3. Upon entry of this Order, the Clerk of the Court is authorized to adjust the Claims' Register in this case to reflect that the Bollea Claim (Claim Number 6) has been fully satisfied and resolved pursuant to the Denton-Bollea Settlement.

4. The Adversary Proceeding is hereby dismissed with prejudice.

5. The Denton-Bollea Settlement may be modified, amended, or supplemented through a written agreement by and among the parties thereto in accordance with the terms thereof without further order of the Court.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and the Denton-Bollea Settlement until the earliest of (i) the closing or dismissal of the Chapter 11 Case or (ii) a discharge to the Debtor being granted or denied.

Dated: _____, 2017
        New York, New York

                                                        _____
                                                        HONORABLE STUART M. BERNSTEIN
                                                        UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT 1

## SETTLEMENT AGREEMENT

The parties, **Terry Gene Bollea** ("**Bollea**"), on the one hand, and Nicholas G.A. Denton, aka Nick Denton ("**Denton**"), on the other hand (collectively, the "**Parties**"), enter into this Settlement Agreement ("**Agreement**"), on this 9th day of December, 2016.

## RECITALS

A. WHEREAS, the Parties are/were involved in the following legal proceedings:

1. Bollea filed suit against Denton, Albert James Daulerio, aka A.J. Daulerio ("**Daulerio**"), and Gawker Media, LLC ("**Gawker Media**"), Gawker Hungary, Kft. (f/k/a Kinja Kft.) ("**Gawker Hungary**"), and Gawker Media Group, Inc. ("**GMGI**") (collectively, Gawker Media, Gawker Hungary and GMGI are the "**Gawker Debtors**") (collectively, Denton, Daulerio and the Gawker Debtors are referred to as the "**Gawker Parties**"), amongst others, in the Sixth Circuit Court in and for Pinellas County, Florida, Case No. 12012477CI-011 (the "**Bollea I Lawsuit**"). Bollea asserted causes of action against the Gawker Parties for invasion of privacy by intrusion upon seclusion, publication of private facts, violation of Florida common law right of publicity, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of section 934.10, Florida Statutes.

2. On May 19, 2015, Gawker Media and its counsel, Gregg Thomas, Esq., filed an action against the Federal Bureau of Investigation and Executive Office for the United States Attorney, Case No. 8:15-cv-01202-SCB-EAJ (the "**FBI Action**") in which they sought discovery under the Freedom of Information Act related to the Bollea I Lawsuit. The FBI Action resulted in the production of various documents, transcripts, audio recordings and video recordings which were generated or obtained by the FBI during its investigation of an extortion attempt against Bollea. Copies of DVDs containing video and audio recordings of Bollea in the bedroom of Bubba Clem and Heather Clem, which were seized by the FBI, are currently being held under seal by the Judge in the Bollea I Lawsuit.

3. On October 21, 2015, the Court in the Bollea I Lawsuit entered an Order permitting certain discovery to determine whether the Gawker Parties provided transcripts or recordings that had been sealed in the Bollea I Lawsuit to *The National Enquirer* and/or *Radar Online* in violation of a protective order (the "**Leak Order**"). *The National Enquirer* and *Radar Online* published articles in July and August 2015 that disclosed contents of recordings of Bollea and reported that these recordings were part of sealed discovery in the Bollea I Lawsuit (the "**Leak**"). Denton, Daulerio and Gawker Media appealed the Leak Order to Florida's Second District Court of Appeal ("**Second DCA**"), which appeal [Case No. 2D15-5035] (the "**Leak Appeal**") is currently stayed as a result of the Suggestion of Bankruptcy filed with respect to the Gawker Media Bankruptcy Case (as described below in Paragraph A.7).

4. On March 1, 2016, the Bollea I Lawsuit proceeded to a jury trial. On March 18, 2016 the jury entered a verdict of liability and compensatory damages of $115 million against Denton, Daulerio and Gawker Media. On March 21, 2016, the jury entered a verdict of punitive damages of $15 million against Gawker Media, $10 million against Denton and $100,000 against Daulerio. On June 7, 2016, the court in the Bollea I Lawsuit reduced these damages awards into a Final Judgment (the "**Judgment**"), which Judgment also included a Permanent Injunction (the "**Permanent Injunction**").

5. On May 2, 2016, Bollea filed a new action against several defendants including Gawker Media, Don Buchwald & Associates, Cox Radio, Inc. and others, in the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 16-002861-CI (the "**Bollea II Lawsuit**"). In the Bollea II Lawsuit, Bollea brings claims against Gawker Media for intentional interference with contractual relations and advantageous business relationships and intentional infliction of emotional distress. Gawker Media moved to disqualify the trial judge presiding over the Bollea II Lawsuit (the "**DQ Motion**"). When the DQ Motion was denied, Gawker Media appealed to the Second DCA [Case No. 2D16-2477] (the "**DQ Appeal**"). The claims against Gawker Media in the Bollea II Lawsuit are currently stayed as a result of the Suggestion of Bankruptcy filed with respect to the Gawker Media Bankruptcy Case (as described below in Paragraph A.7). The entire Bollea II Lawsuit is currently stayed in the Second DCA

pending a resolution by the Second DCA of Gawker's DQ Motion. Denton is not a named defendant in the Bollea II Lawsuit.

6. On June 10, 2016, Denton, Daulerio and Gawker Media filed a Notice of Appeal of the Judgment in the Second DCA [Case No. 2D16-2535]; which appellate proceeding is currently stayed as a result of the Suggestion of Bankruptcy filed with respect to the Gawker Media Bankruptcy Case (as described below in Paragraph A.7) (the "**Judgment Appeal**").

7. On June 10, 2016, Gawker Media filed a bankruptcy petition for relief in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Gawker Media, LLC*, Case No. 16-11700 (SMB) (the "**Gawker Media Bankruptcy Case**"). On June 12, 2016, GMGI and Gawker Hungary also each filed a petition for relief in the Southern District of New York (collectively, with the Gawker Media Bankruptcy Case, the "**Bankruptcy Cases**").

8. On August 1, 2016, Denton filed a petition for relief in the Bankruptcy Court; Case No. 16-12239 (SMB) (the "**Denton Bankruptcy Case**").

9. On October 27, 2016, Bollea reached an agreement in principle with the Gawker Debtors (subject to execution of formal settlement documents and Bankruptcy Court approval in the Gawker Media Bankruptcy Cases) that contemplates a Settlement Payment and other compensation to Bollea and the resolution of pending litigation and legal proceedings between Bollea and the Gawker Debtors (the "**Gawker Settlement**"). The Settlement Payment and other compensation paid to Bollea under the Gawker Settlement is a compromise of the damages awarded in the Bollea I Lawsuit Judgment and shall not be construed as a total or complete recovery by Bollea for the damages awarded in the Judgment, nor as compensation for any other injuries or damages suffered or incurred by Bollea, including but not limited to, the damages Bollea seeks to recover from Don Buchwald & Associates, Inc., Tony Burton, Michael Calta, Matthew Christian Loyd, Keith M. Davidson, Keith M. Davidson & Associates, P.L.C., Cox Radio, Inc., Tasha Nicole Carrega and Lori Burbridge (collectively, the "**Bollea II**

      **Defendants"**) in and based on the facts and causes of action at issue in the Bollea II Lawsuit.

B.    WHEREAS, the Parties to this Agreement believe that it is in the best interests of Bollea, Denton and the Denton bankruptcy estate to settle and resolve all claims, disputes, issues or matters that exist between them, in order to: (1) avoid the extremely high costs and uncertainty of continuing with the aforementioned legal proceedings, including, but not limited to, the costs and professional expenses the Gawker Debtors' and Denton's bankruptcy estates would incur through litigation in the Bankruptcy Cases and Denton Bankruptcy Case and the possibility that protracted litigation and appeals would cause Bollea and other creditors to receive payment, if at all, years into the future; (2) avoid the lengthy appellate process in the Bollea I Lawsuit; (3) avoid lengthy litigation of issues that have been raised and may be raised in the Bankruptcy Cases, Denton Bankruptcy Case and Bollea I Lawsuit, such as the appeals and adversary proceedings; and (4) avoid the possibility that the appellate process in the Bollea I Lawsuit could result in a new jury trial, with its associated legal fees and costs, uncertainties and associated appeals of a new judgment.

C.    WHEREAS, the Parties understand and agree that this Agreement is dependent and contingent upon the final and non-appealable approval of the Gawker Settlement by the Bankruptcy Court in the Bankruptcy Cases; and that such final and non-appealable approval by the Bankruptcy Court in the Bankruptcy Cases, the Settlement Payment, and certain other compensation to Bollea, as well as other non-monetary terms and conditions called for under the Gawker Settlement, are all conditions precedent to the validity and enforceability of this Agreement and the Parties' performance of their respective duties and obligations set forth in this Agreement; and that this Agreement shall be presented for approval in the Denton Bankruptcy Case on the basis that it is contingent on such approval.

## TERMS

1.    **Recitals:** The above recitals are true and correct, incorporated herein as an integral part of this Agreement, and a material inducement to enter into this Agreement.

2.    **Possession and Use of Content:** Except insofar as his jointly retained attorneys with the Gawker Debtors may have such material in their

possession, Denton shall affirm, represent and warrant in his Declaration attached as **Exhibit A** that he does not have in his possession, custody or control the originals or any copies, portions or excerpts of the 1:41 video posted on Gawker.com on or about October 4, 2012 (the "**Gawker Video**"), the 30 minute video delivered to Daulerio at Gawker Media in September 2012 (the "**30-Minute Video**"), nor Daulerio's post accompanying the 1:41 video published on Gawker.com on October 4, 2012 ("**Daulerio's Post**"). Except insofar as his jointly retained attorneys with the Gawker Debtors may have such material in their possession, Denton shall further affirm, represent and warrant in his Declaration attached as **Exhibit A** that he does not have in his possession, custody or control the originals or any copies, portions or excerpts of any other video or audio recordings of Bollea in the bedroom of Bubba Clem and Heather Clem (a/k/a Heather Cole), nor any written transcripts, summaries, audio recordings or other recordings of said recordings of Bollea (i.e. video and audio recordings obtained by or through discovery in the Bollea I Lawsuit and/or the FBI Action). Collectively, all of these materials are referred to as the "**Content**." Denton shall further affirm in his Declaration attached as **Exhibit A** that, except for the Gawker Video and Daulerio's Post as and while they appeared on Gawker.com, he never sent, delivered, transmitted, stored, saved, provided copies or excerpts of or provided access to any Content to any persons or entity, other than his counsel of record in the Bollea I Lawsuit. Denton shall dismiss and shall not pursue the Judgment Appeal, including the Permanent Injunction entered in the Bollea I Lawsuit and agrees to be bound by the order and judgment contained in the Permanent Injunction.

3. **Content Ownership:** Denton represents, warrants and shall affirm in his Declaration attached hereto as **Exhibit A** that he has never asserted any rights, title or interest in or to or arising out of and/or associated with any Content and has never assigned, sold or transferred or purported to assign, transfer or sell any such rights, title or interest to any other person or entity.

4. **Consent to Third-Party Transfer:** Denton consents to, and to the extent a writing is necessary shall reasonably cooperate in efforts to achieve, the turnover to Bollea or his agents and/or the permanent deletion of any and all Content described herein, by courts, tribunals, offices and persons, including without limitation the Florida state and federal courts (including trial and appellate courts), the FBI, Tampa Police Department, U.S. Attorney's Office, Hillsborough County State Attorneys' Office, Judge James R. Case (Ret.), court reporters, vendors, attorneys and representatives of all such

persons and entities, of any and all copies of Content in their possession, custody or control.

5. **Continuing Duty to Delete:** Should Denton ever come into possession, custody or control of any Content in the future, Denton shall have a continuing obligation to delete such Content without copying, saving, transmitting or providing access to the Content to any third parties except to ensure its deletion.

6. **Satisfaction of Judgment:** Within three (3) business days after Bollea's receipt of the Settlement Payment from the Gawker Debtors pursuant to the Gawker Settlement *and* the Bankruptcy Court's order approving the Gawker Settlement, whether as part of a bankruptcy plan of reorganization or separately (the "**Approval Order**") becoming a final, non-appealable order *and* the Bankruptcy Court's approval of this Agreement becoming a final, non-appealable Order, Bollea shall file and record a Satisfaction of the Final Judgment as to the punitive damages awarded against Denton in the Bollea I Lawsuit (the "**Denton Satisfaction**") and dissolve Bollea's Judgment Lien unless (i) Denton makes any written or oral statement(s) that contradict the Representation and Warranty Regarding Leak set forth in Paragraph 9, below or (ii) Bollea obtains conclusive documentary evidence that contradicts Denton's Representation and Warranty Regarding Leak set forth in Paragraph 9 (either of which is a "**Breach of Representation and Representation Regarding Leak**"). Pursuant to Paragraph 9 below, Denton expressly reserves the right to contest that any Breach of Representation and Warranty Regarding Leak has occurred.

7. **Denton Bankruptcy:** Subject to the final and non-appealable approval of the Gawker Settlement by the Bankruptcy Court in the Bankruptcy Cases, which is a condition precedent to this Agreement, Bollea agrees that he will support approval of this Agreement in the Denton Bankruptcy Case and will (1) vote in favor, to the extent permitted, of any plan of reorganization in the Denton Bankruptcy Case that incorporates the terms of this Agreement or (2) not oppose a dismissal of the Denton Bankruptcy Case that is subject to the Bankruptcy Court's prior approval of this Agreement.

8. **Dismissal of Appeals:** Within three (3) business days of the latest of Bollea's receipt of the Settlement Payment from the Gawker Debtors pursuant to the Gawker Settlement *and* the Approval Order becoming a final, non-appealable order *and* the Bankruptcy Court's approval of this

Agreement in the Denton Bankruptcy Case, Denton shall file Notices of Voluntary Dismissal with Prejudice of all remaining pending appeals associated with the Bollea I Lawsuit, including, without limitation, Second DCA Case Nos. 2D15-5035 (the Leak Appeal) and 2D16-2535 (the Judgment Appeal).

9. **Representation and Warranty Regarding Leak:** As set forth in the Declaration attached as **Exhibit A**, Denton represents and warrants that he did not personally provide the information that is the subject of the Leak, did not assist in or facilitate the Leak, did not solicit, request or induce any other person or entity to provide the information that is the subject of the Leak and does not know the source of the dissemination to *The National Enquirer* and/or *Radar Online* of any transcripts, summaries and/or audio recordings of Bollea (which materials are the subject of the Leak). This representation and warranty is an integral part of and material inducement upon which this Agreement, the release herein, and the Denton Satisfaction for the $10 million punitive damage portion of the Judgment in the Bollea I Lawsuit are based. Based upon this representation and warranty, Bollea agrees that he shall not join or add Denton to the Bollea II Lawsuit, shall not seek or recover any damages or compensation from Denton arising out of Bollea's claims in the Bollea II Lawsuit or claims asserted against Denton by other Bollea II Defendants, and is agreeing to release the $10 million punitive damage award against Denton in the Bollea I Lawsuit. Any Breach of Representation Regarding Leak shall constitute a material breach of this Agreement that directly and proximately causes Bollea to suffer $10 million in damages under this Agreement. In the event of a Breach of Representation Regarding Leak, Bollea shall be entitled to enforce this provision of this Agreement by filing a motion seeking entry of judgment in the Bollea I Lawsuit for $10 million, plus fees and costs, and Denton hereby waives any and all defenses to the entry of said judgment, except that Denton may defend against the motion by establishing that he did not make a contradictory statement or by contesting the validity of any evidence Bollea obtains.

10. **Mutual Releases:** Effective upon the latest of Bollea's receipt of the Settlement Payment from the Gawker Debtors pursuant to the Gawker Settlement *and* the Approval Order becoming a final, non-appealable order *and* the Bankruptcy Court's approval of this Agreement in the Denton Bankruptcy Case (the "**Release Effective Date**"), Denton and Bollea, for themselves and their insurers, predecessors, successors and assigns, parents,

subsidiary and/or affiliate corporations, officers, employees, shareholders, members, managers, directors, agents, attorneys, representatives, affiliates, consultants, contractors, and attorneys-in-fact, and each of them, hereby irrevocably, fully and forever release one another of and from any and all claims, demands, actions, and claims for monetary damages, debts, liabilities, accounts, reckonings, obligations, attorneys' fees, costs, or other relief of whatsoever kind or nature, whether in law or in equity, which each of them now has, ever had, or may claim to have, whether known to them or not, against one another, from the beginning of time until the effective date of this release; specifically *including* the $10 million punitive damage judgment against Denton in the Bollea I Lawsuit and specifically *excluding* the Permanent Injunction entered in the Bollea I Lawsuit, the representation and warranty regarding the Leak (Paragraph 9) and claims and causes of action based upon the obligations, representations and warranties set forth in this Agreement and any settlement agreements between Bollea and any other persons or entities, including the Gawker Debtors and/or Daulerio. This release by Bollea specifically *excludes* each and every one of the Bollea II Defendants and all of Bollea's claims, causes of action, remedies, damages, relief, injuries, demands and rights to compensation against or from each and every one of the Bollea II Defendants, which Bollea seeks to recover in and based on the facts and causes of action at issue in the Bollea II Lawsuit. This release and the release in the Gawker Settlement are provided as a compromise of the damages awarded in the Judgment in the Bollea I Lawsuit and should not be construed as a total or complete recovery by Bollea of the damages awarded in the Judgment nor as compensation for the damages and injuries at issue in the Bollea II Lawsuit. Bollea's release of Denton also specifically *excludes* Bollea's entitlement to a final judgment in the event of a Breach of Representation Regarding Leak (subject to Denton's rights to contest entry of any such judgment pursuant to Paragraph 9).

11. **Waiver of Right to Discovery**: Denton shall not seek from Bollea, his counsel, attorneys, agents, employees, representatives, managers, contractors, consultants or attorneys-in-fact or any other person or entity any discovery about Bollea, including without limitation, any discovery arising out of, related to or associated with litigation funding or finance, the Bollea I Lawsuit, the Bollea II Lawsuit, the Gawker Bankruptcy Cases, the Denton Bankruptcy Case, and any and all related proceedings, whatsoever.

12. **Miscellaneous Provisions:**

   A. **Binding Effect.** This Agreement shall bind and inure to the benefit of each of the Parties hereto and their respective successors in interest.

   B. **Final Integrated Agreement.** This Agreement constitutes the entire, final and binding understanding between the Parties hereto. No other statement or representation, written or oral, express or implied, has been received or relied upon in the Agreement unless specifically set forth herein, and all prior and contemporaneous discussions, statements and negotiations made or which have occurred prior to or simultaneous with the date of this Agreement shall be deemed merged into this Agreement and of no legal force or effect. No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by both Parties. The Parties hereto agree to execute such other documentation as is necessary to carry out the terms of this Agreement.

   C. **Voluntary Agreement.** The Parties entered into this Agreement knowingly and voluntarily, in the total absence of any fraud, mistake, duress, coercion, or undue influence and after careful thought and reflection upon this Agreement and, accordingly, by signing this document, each signifies full understanding, agreement and acceptance.

   D. **Representation Regarding Non-Assignment of Claims.** The Parties each represent that he has not assigned or transferred to any third party, any claims or rights that he has or might have relating to any and all claims, contentions or any matters in dispute between or relating to the Parties as of the effective date of the Release set forth in Paragraph 9, above.

   E. **Multiple Counterparts.** This Agreement, and any document referred to herein, may be executed in any number of counterparts and by facsimile or email (*i.e.*, a .pdf file), each of which shall be deemed an original and all of which together shall constitute one single legal instrument.

   F. **Authorship.** Both Parties hereto have jointly participated in the negotiation and drafting of this Agreement. In the event that an ambiguity or question of intent or interpretation arises, this Agreement

shall be construed as if drafted jointly by both Parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any of the provisions of this Agreement.

G.  **Governing Law/Enforcement of Terms.** This Agreement shall be construed under the laws of the State of Florida. Any action to enforce or interpret any of the terms and conditions of this Agreement shall be brought (a) in the Denton Bankruptcy Case until the earliest of (i) the Denton Bankruptcy Case being closed, (ii) the Denton Bankruptcy Case being dismissed or (iii) a discharge is granted or denied or (b) thereafter, in the state or federal courts of Pinellas County, Florida. Both Parties hereto consent to the exclusive jurisdiction and venue of such courts for the enforcement or interpretation of this Agreement.

H.  **Waiver.** Any waiver by any of the Parties of any provision of this Agreement or breach thereof will not operate or be construed as a waiver of any other provision or subsequent breach thereof. Any waiver by either of the Parties must be in writing to be effective.

I.  **Severability.** If any provision of this Agreement shall be held by a court of competent jurisdiction to be illegal, invalid or unenforceable, the remaining provisions shall remain in full force and effect.

**IN WITNESS WHEREOF**, the Parties execute this Settlement Agreement as of this ____ day of December, 2016.

Date: _____12_____, 2016      _____
                              TERRY GENE BOLLEA, professionally
                              known as "Hulk Hogan"


Date: _____, 2016   _____
                              Nicholas G.A. Denton, aka Nick Denton,
                              on behalf of himself and his
                              bankruptcy estate

shall be construed as if drafted jointly by both Parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any of the provisions of this Agreement.

G. **Governing Law/Enforcement of Terms.** This Agreement shall be construed under the laws of the State of Florida. Any action to enforce or interpret any of the terms and conditions of this Agreement shall be brought (a) in the Denton Bankruptcy Case until the earliest of (i) the Denton Bankruptcy Case being closed, (ii) the Denton Bankruptcy Case being dismissed or (iii) a discharge is granted or denied or (b) thereafter, in the state or federal courts of Pinellas County, Florida. Both Parties hereto consent to the exclusive jurisdiction and venue of such courts for the enforcement or interpretation of this Agreement.

H. **Waiver.** Any waiver by any of the Parties of any provision of this Agreement or breach thereof will not operate or be construed as a waiver of any other provision or subsequent breach thereof. Any waiver by either of the Parties must be in writing to be effective.

I. **Severability.** If any provision of this Agreement shall be held by a court of competent jurisdiction to be illegal, invalid or unenforceable, the remaining provisions shall remain in full force and effect.

**IN WITNESS WHEREOF**, the Parties execute this Settlement Agreement as of this _____ day of December, 2016.

Date: _____, 2016

TERRY GENE BOLLEA, professionally known as "Hulk Hogan"

Date: 1? DEC , 2016

Nicholas G.A. Denton, aka Nick Denton, on behalf of himself and his bankruptcy estate

## Exhibit A

## DECLARATION OF NICHOLAS DENTON

1. My name is Nicholas G.A. Denton aka Nick Denton. I am over the age of eighteen and have personal knowledge of the matters set forth in this Declaration.

2. I am aware, and have been advised by my counsel, that it is a crime to attest to any facts set forth in this Declaration that are not true.

3. I am currently the Executive Vice President of Gawker Media, LLC ("Gawker Media") and was previously the CEO of Gawker Media.

4. In October, 2012, I became aware that the then-Editor-In-Chief of Gawker.com, A.J. Daulerio ("Daulerio"), received a DVD containing a video and audio recording—just over 30 minutes long—of Terry Bollea, aka Hulk Hogan ("Bollea"), having conversations and engaging in sexual activity in a bedroom with Heather Clem, nka Heather Cole (the "30-Minute Video").

5. On October 4, 2012, Daulerio posted an article on Gawker.com titled, "Even for a Minute, Watching Hulk Hogan Have Sex in a Canopy Bed is Not Safe For Work but Watch it Anyway" (the "10/4/2012 Post"), which included a 1:41 excerpt derived from the 30-Miniute Video (the "Gawker Video").

6. Bollea thereafter filed suit against me, Daulerio, Gawker Media, Gawker Hungary Kft. (f/k/a Kinja Kft.), and Gawker Media Group, Inc. (collectively, the "Gawker Debtors") (collectively, Denton, Daulerio and the Gawker Debtors are referred to as the "Gawker Parties"), amongst others, in the Sixth Circuit Court in and for Pinellas County, Florida, Case No. 12012477CI-011 (the "Bollea I Lawsuit"). Bollea asserted causes of action for invasion of privacy by intrusion upon seclusion, publication of private facts, violation of Florida common law right of publicity, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of section 934.10, Florida Statutes.

7. On May 19, 2015, Gawker filed an action against the Federal Bureau of Investigation and Executive Office for the United States Attorney, Case No. 8:15-cv-01202-SCB-EAJ (the "FBI Action"), in order to obtain discovery

related to the Bollea I Lawsuit.

8. On October 21, 2015, the Court in the Bollea I Lawsuit entered an Order permitting certain discovery to determine whether I, Daulerio and/or Gawker Media were involved in leaking certain sealed discovery related to the Bollea I Lawsuit and FBI Action to *The National Enquirer* and/or *Radar Online* (the "Leak Order"). *The National Enquirer and Radar Online* published articles in July and August, 2015, disclosing contents of recordings of Bollea, which they reported were part of sealed discovery in the Bollea I Lawsuit (the "Leak"). We appealed the Leak Order to Florida's Second District Court of Appeal ("Second DCA"), which appeal [Case No. 2D15-5035] is currently stayed.

9. On May 2, 2016, Bollea filed a new action against several defendants including Gawker Media, Don Buchwald & Associates, Cox Radio, Inc. and others, in the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 16-002861-CI (the "Bollea II Lawsuit"). In the Bollea II Lawsuit, Bollea asserted claims against Gawker Media for intentional interference with contractual relations and advantageous business relationships and intentional infliction of emotional distress. Gawker Media moved to disqualify the trial judge presiding over the Bollea II Lawsuit (the "DQ Motion"). When the DQ Motion was denied, Gawker Media appealed to the Second DCA [Case No. 2D16-2477]. The claims against Gawker Media in the Bollea II Lawsuit are currently stayed as a result of the Suggestion of Bankruptcy filed with respect to Gawker Media's pending bankruptcy proceedings in the Southern District of New York, and the entire Bollea II Lawsuit is currently stayed in the Second DCA pending a resolution by the Second DCA of Gawker Media's DQ Motion.

11. I never received or viewed any of the contents of any materials designated as "Highly Confidential—Attorneys' Eyes Only" under a Protective Order entered in the Bollea I Lawsuit.

12. I have never provided, delivered, transferred, transmitted, sent, saved, stored, uploaded, downloaded or provided access to the original or any copies, portions or excerpts, in full or in part, of the 30-Minute Video, the Gawker Video, or any other video or audio recordings of Bollea in the bedroom of Bubba Clem and Heather Clem (nka Heather Cole), or any written transcripts or summaries of such recordings, to anyone other than Gawker's counsel of record in the Bollea I Lawsuit, except for the Gawker Video and the 10/4/2012 Post as and while they appeared on Gawker.com.

13. I never provided and do not know that any current or former employee, agent, officer, director, manager or member of the Gawker Debtors ever provided the original or any copies, in full or in part, of the 30-Minute Video or the Gawker Video to anyone other than Gawker's counsel of record in the Bollea I Lawsuit.

14. I do not own, hold or assert, and have never asserted any, rights, title or interest in, arising out of and/or relating to the 30-Minute Video, the Gawker Video, the 10/4/2012 Post, or any other video or audio recordings of Bollea in the bedroom of Bubba Clem and Heather Clem, or any written transcripts or summaries of such recordings, and I have never assigned, sold or transferred or purported to assign, transfer or sell, any such rights, title and or interest to any other person or entity.

15. Except insofar as my jointly retained attorneys with the Gawker Debtors have possession of such materials, I do not currently have, possess or have access to the original or any copies, portions or excerpts, in full or in part, of the 30-Minute Video, the Gawker Video, or any other video or audio recordings of Bollea in the bedroom of Bubba Clem and Heather Clem, or any written transcripts or summaries of such recordings

16. To the best of my knowledge, since the Judgment was entered in the Bollea I Lawsuit, I have not accessed or had any copies of the 30-Minute Video, Gawker Video or any other audio or video recordings of Mr. Bollea in the bedroom of Bubba Clem and Heather Clem. I understand that the Permanent Injunction entered in the Bollea I Lawsuit, which I am not appealing, shall remain in full force and effect, and the order and judgment contained in the Permanent Injunction shall continue to be binding on and enforceable against me.

17. I did not personally provide or disseminate, and do not know the source of, any transcripts and/or recordings of Bollea in the Clems' bedroom that were reported on by *The National Enquirer* and *Radar Online* in July-August 2015. I did not assist in or facilitate, solicit, request or induce, any other person or entity to provide the transcripts and/or recordings of Bollea in the Clems' bedroom to *The National Enquirer* or *Radar Online* in July-August 2015 and do not know who provided those transcripts and/or recordings to *The National Enquirer* and *Radar Online*.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on 12/12/16 _____ (date)

_____
Nicholas G.A. Denton aka
Nick Denton